STATE OF FLORIDA, on the relation of LIGGETT DRUG COMPANY, INC., a corporation, v. C. M. GAY, as Comptroller of the State of Florida

29 So. (2nd) 623            January Term, 1947
February 18, 1947            Division B
Rehearing denied March 28, 1947

H. O. Pemberton, for relator.

J. Tom Watson, Attorney General, Fred M. Burns and T. Paine Kelly, Assistant Attorneys General, for respondent.

BARNS, J.:

The alternative writ following the petition recites that relator was subject to payment of license taxes under Chapter 204 F.S.A. since 1941; that for the years 1941 to 1945 relator made return and paid its taxes but that in October 1945 respondent demand of and on January 11, 1946 received payment of an additional tax for said years totaling $2397.60; that on December 7th, 1946 relator made demand for a refund under the provision of 215.26 F.S. (1943) which demand was refused on December 13, 1946.

Relator further states that he is entitled to a refund because the facts in this case are the same as in the case of State ex rel., Butler's Inc., v. Gay, 27 So. (2nd) 907. This allegation of similarity may be correct but relator fails to plead such facts in order that the Court might so determine. Relator does not make a showing that it has paid any tax that was not in fact due and owing and neither does relator make a showing that it is the duty of the Comptroller to refund said tax so collected or any part thereof.

Relator's motion for a peremptory writ notwithstanding respondent's return is denied, without prejudice to file an amended petition.

THOMAS, C.J., BUFORD and ADAMS, JJ., concur.

BARNS, J.:

In 1939 the legislature enacted Chapter 19165 which in 1941 became Section 205.12 F.S.A., which relates to limitations upon the right of Comptroller and others to collect additional license taxes. However, in 1941 the legislature enacted Chapter 20977 which is now Sections 204.01-204.16 F.S.A. See particularly 204.11 F.S.A.

It would appear that there may be conflict between 204.11 F.S.A. and 205.12 F.S.A. and if there is conflict it would appear that since 204.11 F.S.A. deals with chain stores especially that such special legislation would prevail over Section 205.12 F.S.A. which is applicable generally.

Since the relator has paid its taxes, apparently to avoid action by the Comptroller, if he is entitled to recover any, he must make it appear more definitely what amounts, and for what years, and for what reasons it is entitled to recover.

Rehearing denied.

THOMAS, C.J., CHAPMAN and ADAMS, JJ., concur.

BUFORD, J., dissents.

TERRELL, J., not participating.

BUFFORD, J., dissenting:

I think rehearing should be granted and peremptory writ issued on authority of State ex rel Butler, Inc. v. Gay, 27 So. 2nd 907.