DREW, Chief Justice.
Appellants have filed a motion for clarification of the opinion filed November 7, 1956. - Appellants say they are “unable ■from examination of such opinion to', determine whether or-not Chapter 30807, Special Acts of 1955, is valid as the charter of the City of Hialeah without being approved by the electors of- the City of Hialeah.”
In the opinion referred to we specifically held that the notice published in the March 18, 1955, issue of “Home News” of the intention to apply to the 1955 Legislature for the passage of a bill enacting a charter for the City of Hialeah, Florida, was' a sufficient compliance with the provisions of Section 21 of Article III of the Florida Constitution F.S.A. and Section 11.02, F.S. 1955, F.S.A., as to Chapter 30807, supra.
Proper notice having been given of the intention to apply for such special legislation, it was not necessary that the-act be submitted to the affected qualified electors for ratification or rejection. A referendum was neither provided for nor required and such being the case, Chapter 30807 became effective, according to its provisions, when it became a law without approval by the Governor and was filed in the office of the Secretary of State. Section 18 and Section 28, Article III, Florida Constitution ; Parker v. Evening News Publishing Co., 54 Fla. 482, 44 So. 718.
DREW, C. J., and TERRELL, THOMAS, HOBSON, ROBERTS, O’CONNELL and BUFORD, JJ., concur.