109 So.2d 368 (1959)
STATE of Florida, and taxpayers, property owners and citizens of the City of Hialeah, Florida, including non-residents owning property or subject to taxation therein, Appellants,
v.
CITY OF HIALEAH, Florida, Appellee.
Supreme Court of Florida.
February 25, 1959.
*369 Richard E. Gerstein, Miami, for appellants.
Ralph F. Miles, Hialeah, City Atty., for appellee.
THOMAS, Justice.
We entertain an appeal from a decree of the circuit judge validating water revenue certificates proposed to be issued by the City of Hialeah, the proceeds of which are to be used to extend the water system.
At the outset the state attorney simply asks the question whether or not Chapter 30807, Laws of Florida, Special Acts of 1955, as amended, is the "effective charter law covering the organization and operations of the City of Hialeah * * *." Following the question is the assertion that this court was wrong in the conclusion announced in City of Hialeah v. Pfaffendorf, Fla., 91 So.2d 192, that the act became a law when without the Governor's approval it was filed in the office of the Secretary of State, because it was based on the prefatory statement that no referendum was made a prerequisite to vitality. This contention is irrefutable, says the state attorney, in view of the specification in Sec. 2 of Art. III of the Act that the law should become effective upon ratification by the electors. With this terse treatment the argument of Point I ends.
The effect of this decision and the original opinion in the same case, reported in 90 So.2d 596, is that Chapter 30807 was passed after notice had been given in compliance with the provisions of Sec. 21, Art. III, of the Constitution, F.S.A. and that no referendum was therefore necessary to give the law vitality.
In the later opinion, which clarified the earlier one, it was inadvertently remarked that "a referendum [on Chapter 30807, supra] was neither provided for nor required," whereas in Sec. 2, Art. III, of the Act it was provided that it should be "in effect from and after the day of its ratification by the electors of the City." But it is also true that 119 pages later, in Sec. 8, Art. XI of the Act, it was specified that it should take "effect immediately upon becoming a law." It is shown in the official publication of the laws enacted in 1955 and on the original record in the office of the Secretary of State that the Act in question *370 became a law without the Governor's approval and was filed in the office of the Secretary of State 30 April 1955.
We must decide whether or not because of the misstatement with reference to the lack of provision for a referendum we should now declare that the ruling was unsound and recede from it. This we decline to do.
In Johnson v. State, 157 Fla. 685, 27 So.2d 276, 282, we recognized the rule that when there are inconsistent provisions in the same statute "the last in point of time or order of arrangement prevails." There are exceptions to the rule but none of them is relevant to the present case.
Inasmuch as provisions in the same act, one in the fore part relating to approval by the electors as the event giving the law vitality and one in the final section stipulating that the act would take effect "upon becoming a law," are in direct conflict it is necessary to make a choice. Applying the rule announced in Johnson v. State, supra, we choose the last provision and conclude that Chapter 30807, supra, has since 30 April 1955 been the basic charter of the City of Hialeah. State ex rel. Gibbs v. Couch, 139 Fla. 353, 190 So. 723.
We understand that in presenting its second point the state takes the position that the appellee did not meet the challenge that Chapter 30809, Laws of Florida, Special Acts of 1955, was not enacted by the legislature in compliance with Sec. 21, Art. III of the Constitution, requiring publication of notice of intention to apply for alteration or amendment of the powers of a municipality. The purpose of this act was to repeal subsection (q) of Art. VI(k) of Chapter 30807, supra, providing that the Department of Water and Sewers should return monthly to the city 25% of its gross revenue from the sale of water. Inasmuch as notice of the introduction of the repealing act was not shown to have been given, argues the state, the revenue available from this source would be reduced to such an extent as materially to affect the city's ability to discharge the debt and, therefore, the decree of confirmation should not be upheld. We cannot accept this view.
It appears from the Journal of the Senate for 1955, at page 1149, that "Proof of publication of Notice was attached" to Senate Bill No. 1308 at the time it was introduced and that "evidence that such Notice [had] been published was established by the Senate as required by Section 21, Article III of the Constitution * * *." It was this bill that upon passage by the legislature became Chapter 30809, supra. Doubt having been cast on the want of notice that the bill would be offered we have consulted not only the Journal of the Senate but also the original bill on file in the office of the Secretary of State for intelligence on the subject as we may do. Anderson v. Board of Public Instruction for Hillsborough County, 102 Fla. 695, 136 So. 334; Harrison v. Wilson, 120 Fla. 771, 106 So. 233. What we have found clearly establishes that the requirements of Sec. 21, Art. III, of the Constitution with reference to notice were meticulously observed.
The next point is akin to the one we have just discussed. The appellants assert that Chapter 57-1369, Laws of Florida, Special Acts of 1957, too, did not become a law because of the failure to comply with Sec. 21, Art. III in giving notice. Here again we have ascertained from the Senate Journal for the year 1957, at page 338, and from the original record in the office of the Secretary of State that the requirements of the Constitution in respect of notice were followed. The appellants challenged the act and claimed that as it had never become effective the revenue certificates could not be valid because Sec. 3 of Art. IX(c) of Chapter 30807, supra, which was sought to be amended, restricted the maturity dates of revenue certificates to 10 years. Appellants cannot prevail in this assault, as the amendatory act was properly passed extending the maturity period of revenue certificates from 10 to 30 years.
*371 Of the three remaining points presented by the appellants two have already been answered. The last one does not merit discussion or decision because of the generality of the language in which it is framed: "Have all pertinent requirements of the Constitution and laws of the State of Florida preliminary to and in connection with the issuance and sale of said water revenue certificates been strictly followed?" A question of such sweep is not justified under our rules and does not obligate this court to conduct a search for error. Rule 3.7f(3), Florida Appellate Rules, 31 F.S.A. Furthermore, the point is unsupported by a proper assignment of error. Rule 3.7f(4), Florida Appellate Rules.
Finding no occasion to disturb the decree of validation it is 
Affirmed.
TERRELL, C.J., and ROBERTS, THORNAL and DREW, JJ., concur.