The Honorable Nevin G. Smith Secretary of Administration The Carlton Building Tallahassee, Florida 32301
Dear Secretary Smith:
This is in response to your request for an opinion on substantially the following questions:
 1. DO THE PROVISIONS OF s 229.085(2), F.S., AS AMENDED BY CH. 79-112, LAWS OF FLORIDA, SUPERSEDE THE PROVISIONS OF s 110.205(2)(i), F.S., SO THAT TIME-LIMITED POSITIONS CREATED UNDER s 229.085(2), F.S., AS AMENDED, DO NOT REQUIRE APPROVAL OF THE DEPARTMENT OF ADMINISTRATION?
 2. DOES THE DEPARTMENT OF ADMINISTRATION RETAIN THE AUTHORITY TO SET THE SALARIES FOR EMPLOYEES IN POSITIONS CREATED UNDER s 229.085(2), F.S., IN VIEW OF THE LAST SENTENCE CONTAINED IN s 110.205(2)(i), F.S.?
This opinion is expressly confined to a consideration of the conflict, if any, between s 110.205(2)(i), F.S. (1982 Supp.), and s 229.085(2), F.S., and does not consider or comment upon any other statute relating to the employment or compensation of state employees or the exemption of state employees from the provisions of the career service system, Part II, Ch. 110, F.S.
QUESTION ONE
Prior to the 1979 legislative session, s 229.085(2), F.S. 1977, provided:
 There is created in the Department of Education the Projects, Contracts, and Grants Trust Fund. If, in executing the terms of such grants or contracts for specific projects, the employment of personnel shall be required, such personnel shall not be subject to the requirements of paragraph 216.262(1)(a).
See, s 8, Ch. 75-302, Laws of Florida, adding subsection (2) to s 229.085. And see, s 216.262(1)(a), F.S., which provides that if an agency finds that the number of authorized positions is not sufficient to administer its authorized programs, it may file an application with the Executive Office of the Governor; if the agency and the office certify that there are no authorized positions available for addition, deletion or transfer within the agency, the Administration Commission may, after a public hearing, authorize an increase in the number of positions for the reasons enumerated therein. Section 229.085(2) was amended in 1979, see s 1, Ch. 79-112, Laws of Florida, and the following language added:
 Effective July 1, 1979, the personnel employed to plan and administer such projects shall be considered in time-limited employment . . . . Such employees shall not acquire retention rights under the Career Service System, the provisions of s. 110.051(1) to the contrary notwithstanding. Any employee holding permanent career service status in a Department of Education position who is appointed to a position under the Projects, Contracts, and Grants Trust Fund shall retain such permanent status in the career service position.
Chapter 79-112, Laws of Florida, became effective July 1, 1979. Section 110.051, providing that career service included all positions not exempted therein, was repealed by Ch. 79-190, Laws of Florida, which enacted s 110.205 covering the same subject matter as formerly had been provided in s 110.051, F.S. 1977. See s 21, Ch. 79-190. Subsection (1) of s 110.205 provides that the career service to which Part II, Ch. 110, F.S., applies shall include all positions not specifically exempted by Part II, any other provisions of the Florida Statutes to the contrary notwithstanding. Subsection (2) sets forth those exempt positions not covered by Part II which include, inter alia,
 (i) . . . 10 such policymaking positions, in addition to these specified in this subsection, in each of the other departments, as designated by the head of each such department, plus any additional positions which are established for a limited period of time for the purpose of conducting a special study, project, or investigation. However, the employing agency shall advise the department in writing of each position to be exempted, and each such exemption shall be subject to the approval of the department as being policymaking or being established for a limited period of time. Unless otherwise fixed by law, the department shall set the salary of these positions, provided that the salaries of the positions exempted as policymaking shall be set in accordance with the classification and pay plan established for the Senior Management Service. (e.s.)
The foregoing provision, originally enacted as s 110.205(2)(h), see, s 21, Ch. 79-190, Laws of Florida, effective July 1, 1979, was renumbered as s 110.205(2)(i) by Ch. 80-404, Laws of Florida. Compare, s 110.051(2)(h), F.S. 1977, which provided for the exemption of time-limited positions established for the purpose of conducting a special study or investigation, subject to the approval of the Department of Administration which had the authority to set the salary of such positions unless otherwise fixed by law. In light of the foregoing statutes, you inquire as to whether the exemption of time-limited positions funded by the Projects, Contracts and Grants Trust Fund in the Department of Education from career service requires the approval of the Department of Administration.
The rule of statutory construction that statutes in pari materia should be construed together and harmonized, if possible, applies with particular force when the statutes were passed during the same legislative session. See generally, 82 C.J.S. Statutes s 367a. Implied repeals of statutes are not favored as there is a legal presumption that the Legislature did not intend to effect so important a measure as the repeal of a law without expressing an intent to do so. See, Dade County v. City of Miami, 82 So. 354
(Fla. 1919); Tamiami Trail Tours v. City of Tampa, 31 So.2d 468
(Fla. 1947) (in order for court to declare one statute impliedly repeals another, it must appear that there is a positive repugnancy between the two, or that the last was clearly intended to prescribe the only governing rule, or that it revises the subject matter of the former); Sweet v. Josephson, 173 So.2d 444
(Fla. 1965).
It is, however, a general rule of statutory construction that where two statutes passed during the same legislative session are necessarily inconsistent, the statute dealing with the common subject matter in a more minute way will prevail over the statute of a more general character. See, 82 C.J.S. Statutes s 297 p. 509. And see, Fidelity Casualty Co. of New York v. Bedingfield,60 So.2d 489 (Fla. 1952) (provision in workmen's compensation act permitting injured employee to claim benefits and bring suit against third party tortfeasor controls over real party in interest statute insofar as any conflict between the statutes may exist as workmen's compensation act deals with a particular matter); State ex rel. Liggett Drug Co. v. Gay, 29 So.2d 623 (Fla. 1947) (statute dealing specifically with chain store taxes should prevail in case of conflict over general statute); State v. Young,357 So.2d 416 (2 D.C.A. Fla., 1978), affirmed, 371 So.2d 1029
(Fla. 1979) (statutes on same subject should be harmonized when possible, but statute dealing specifically with subject takes precedence over statute covering same subject in general terms). Cf., 82 C.J.S. Statutes s 369 (when general law, standing alone, includes same matter as special act and thus conflicts with it, special act will be considered to be an exception to or qualification of general statute, whether passed before or after general enactment); City of Miami v. State, 190 So. 774 (Fla. 1939); American Bakeries Co. v. Haines City, 180 So. 524 (Fla. 1938). See also, 82 C.J.S. Statutes s 367b. (where acts passed at same session contain conflicting clauses, whole record of legislation will have to be examined to ascertain legislative intent which, if ascertained, will be given effect regardless of priority of amendment).
From my examination of the legislative records relating to Ch. 79-112, Laws of Florida (Senate Bill 29) which amended s 229.085(2) to provide that time-limited employees under the Projects, Contracts and Grants Trust Fund shall not acquire retention rights under career service, it appears that it was the intent of the Legislature that s 229.085(2), as amended, would exempt that time-limited positions established thereunder from career service, regardless of the provisions of s 110.051 [now110.205]. See, Tape #3, Series 625, Box 45, Senate Education Committee, January 11, 1979. And see, Staff Analysis, Committee on Education, K-12, House of Representatives, February 22, 1979, stating that House Bill 261 (companion bill to Senate Bill 29) would exempt all personnel in Projects, Contracts and Grants budget of the Department of Education even though they do not qualify for exemption in Chapter 110.051(2)(h), F.S. Both ss 229.085(2) and 110.205(2)(i) provide for the exemption of time-limited employees from the provisions of Part II, Ch. 110, F.S., relating to career service. The terms of s 229.085(2) deal with a specific group of time limited employees, i.e., those funded by the Projects, Contracts and Grants Trust Fund in the Department of Education, and as the more specific of the two statutes, would prevail over the provisions of s 110.205 insofar as any conflict exists. Section 229.085(2), in removing the time-limited employees specified therein from career service does not condition such exemption on approval by the Department of Administration. While s 110.205(2)(i) conditions exemption from career service upon the department's approval, s 229.085 would appear to have already exempted employees under the trust fund from career service regardless of the provisions of s 110.205 and the requirements set forth therein.
In light of the foregoing and as s 229.085(2) specifically deals with the time-limited positions in the Projects, Contracts and Grants Trust Fund while s 110.205 provides a general method for exempting time-limited positions, I am of the opinion, until judicially or legislatively determined otherwise, that s 229.085 constitutes an exception to s 110.205 with regard to the time-limited positions funded by the trust fund and controls the establishment of such positions and exemption from career service. Since the statute does not provide for or otherwise require approval by the Department of Administration, I am of the opinion that with regard to those positions funded by the Projects, Contracts and Grants Trust Fund in the Department of Education, such approval by the Department of Administration is not required.
QUESTION TWO
You also inquire as to whether the Department of Administration retains the authority to set the salaries of employees in positions created under s 229.085(2) in light of the last sentence of s 110.205(2)(i). Section 110.205(2)(i), in setting forth those positions which may be designated as exempt from career service, including those established for a limited period of time for the purpose of conducting a special study, project or investigation, states that the Department of Administration, unless otherwise fixed by law, "shall set the salary of these positions . . . ." (e.s.)
It was my opinion in Question One that s 229.085(2), as the more specific statute, constituted an exception to s 110.205 with regard to those positions funded by the Projects, Contracts and Grants Trust Fund in the Department of Education and that the employment of personnel thereunder was not subject to approval by the Department of Administration. Such positions are exempted from career service by the terms of s 229.085(2) rather than by the terms of s 110.205; thus the requirements and conditions set forth in s 110.205 for exempting positions from career service are not applicable to those positions exempted elsewhere by statute. Section 229.085(2) in removing the time-limited employees specified therein from career service does not condition such exemption on the approval by the Department of Administration; therefore such approval was not, in my opinion, required. Similarly, s 229.085(2), in exempting the time-limited positions established thereunder, does not provide for or otherwise require that the salaries of such positions or employees be set by the Department of Administration. As I am of the opinion that s 229.085(2) constitutes an exception to s 110.205 with respect to such employees and that such positions are exempted from career service by the terms of s 229.085(2), not s 110.205(2)(i), the provisions of s 110.205(2)(i) referring to the department's authority to set salaries of those positions designated as exempt under the terms of that statute, are, in my opinion, inapplicable to the positions created under s 229.085.
Accordingly, I am of the opinion, until and unless judicially or legislatively determined to the contrary, that the Department of Administration does not have the authority to set the salaries for employees in positions created under s 229.085(2).
In summary, I am of the opinion, until judicially or legislatively determined otherwise, that the approval of the Department of Administration is not required to exempt time-limited employees under s 229.085, F.S., from career service, and the department does not retain the authority to set the salaries for such employees.
Sincerely,
Jim Smith, Attorney General
Prepared by: Joslyn Wilson, Assistant Attorney General