Dr. Elton J. Gissendanner Executive Director Department of Natural Resources Marjory Stoneman Douglas Building 3900 Commonwealth Boulevard Tallahassee, Florida 32303
Dear Dr. Gissendanner:
This is in response to your request for an opinion on the following question:
 SHOULD THE PROCEEDS FROM THE SALE OR LEASE OF MURPHY ACT LANDS AND OTHER STATE LANDS BE DEPOSITED IN THE INTERNAL IMPROVEMENT TRUST FUND, THE CONSERVATION AND RECREATION LANDS TRUST FUND OR INTO GENERAL REVENUE?
You state in your letter that:
 Prior to July 1, 1982, all proceeds from the sale, lease or rental from land title to which is vested in the Board of Trustees [of the Internal Improvement Trust Fund] were deposited in the Land Acquisition Trust Fund pursuant to Section 270.22, Florida Statutes (1981), except proceeds from the lease of Murphy Act land interests which were deposited to the State General Revenue Fund Unallocated.
From your letter there appears to be some confusion about what is to become of the proceeds from the sale or lease of certain state lands — Murphy Act lands, title to which is held by the state, and state lands the title to which has been vested by the Legislature in the Board of Trustees of the Internal Improvement Trust Fund, or of land which has been received by the Board of Trustees from other sources. For example, you cited former s 375.043, F.S., originally enacted by Ch. 75-22, Laws of Florida, and amended by Ch. 77-113, Laws of Florida, which provided that the uncommitted fund balance of the Internal Improvement Trust Fund as of July 1, 1975, and all revenues thereafter accruing from sources then designated by law for deposit in the Internal Improvement Trust Fund were to be deposited in the Land Acquisition Trust Fund to be used in accordance with Ch. 375, F.S. But s 375.043 was repealed by s 7 of Ch. 82-185, Laws of Florida. You also cited former ss 192.46 and 197.375, F.S., which provided that the proceeds of sale of Murphy Act lands were to be "deposited in the state treasury to the general revenue fund of the state to be used in meeting the general expenses of the state." The latter statute also was repealed by s 3 of Ch. 72-268, Laws of Florida. In any event, as stated in your letter, before July 1, 1982, all the proceeds of the sale or lease of lands to which the Board of Trustees held title were deposited in the Land Acquisition Trust Fund pursuant to ss 270.22, F.S. 1981. However, in 1982 the Legislature amended s 270.22 to replace the Land Acquisition Trust Fund with the Internal Improvement Trust Fund as the repository for the proceeds of state land, whether from sale or lease, or the sale or lease of the products thereof, title to which is vested in the board by the Legislature, or of land which has been received by the board from other sources subject to disposition as provided by the laws relating thereto. Section 4, Ch. 82-185, Laws of Florida. Section270.23 was amended by s 5 of Ch. 82-185, so as to replace the Land Acquisition Trust Fund with the Internal Improvement Trust Fund as the repository for the balance remaining from the proceeds of certain states lands after payments have been made to the State School Trust Fund as required by law. Moreover, s 253.034(5), F.S., as amended and renumbered by s 3 of Ch. 83-223, Laws of Florida, provides that the proceeds of the sale of certain state lands determined to be of no benefit to the public shall be deposited in the Conservation and Recreation Lands Trust Fund.
I find no statute nor has one been brought to my attention that provides that the proceeds from the sale or lease of Murphy Act lands or other state lands shall be deposited in the general revenue fund.
Other than s 253.034(5), F.S., as amended by s 3 of Ch. 83-323, Laws of Florida, there are two statutes which deal with the sale or lease of Murphy Act lands. Section 197.386, F.S., provides for the sale of Murphy Act lands to the former landowner, and subsection (5) states that the proceeds of sale under this section shall be distributed and disposed of as are the proceeds from a sale under s 197.381, F.S. Section 197.381 generally provides for the sale, lease, or exchange of Murphy Act Lands. Subsection (2) provides that the Board of Trustees of the Internal Improvement Trust Fund is vested and charged with the administration, management, control, supervision, conservation and protection of these lands and their products, and for such purposes "laws relating to lands of the board of trustees shall be applicable."
Reading these two sections together, it appears that the statutes regulating the disposition of the proceeds of the sale or lease of lands the title to which is vested in the Board of Trustees (other than those lands, water areas and water storage areas provided for in Ch. 375, F.S.), would apply to and govern the disposition of the proceeds of the sale of Murphy Act lands.
The principal statutes dealing with the board's authority regarding the administration, management and disposition of state lands are contained in Ch. 253, F.S. Section 253.034(6), F.S., appearing in s 3, Ch. 83-223, Laws of Florida, [former s253.034(5)] states:
 The Board of Trustees of the Internal Improvement Trust Fund shall determine which lands, the title to which is vested in the board, and which Murphy Act lands, the title to which is held by the state, are of no benefit to the public, and shall dispose of such lands, pursuant to law. . . . The proceeds from the disposal of such lands shall be placed in the Conservation and Recreation Lands Trust Fund. (e.s.)
Thus, it appears that s 253.034(6), F.S., is within the meaning of the phrase "laws relating to lands of the board of trustees."
Sections 270.22 and 270.23, F.S. (1982 Supp.), are also statutes dealing with the disposition of proceeds from the sale or lease of lands of the Board of Trustees. Section 270.23 provides that after payments have been made to the State School Trust Fund as provided by the Constitution and by law, any balance shall be and remain a part of the Internal Improvement Trust Fund to be used as prescribed by law. Section 270.22 provides that the proceeds of the sale, lease, or rental of state lands whose title is vested in the Board of Trustees by the Legislature, or the sale, lease or rental of the products of such lands, or of land which has been or may be received from other sources shall be paid into the Internal Improvement Trust Fund to become a part of that fund, subject to disposition as provided by the laws relating thereto. I have found no provisions of existing law that require that the proceeds of the sale of the lands in question be paid into the Land Acquisition Trust Fund. Compare, s 375.031(8), F.S., which provides that all proceeds from the sale or disposition of certain lands or water storage areas pursuant to s 375.031, F.S., by the Board of Trustees shall be deposited in the Land Acquisition Trust Fund. The lands, water areas and water storage areas described in and provided for in Ch. 375, F.S., and the proceeds of the sale or disposition thereof by the Board of Trustees are excepted from "other state lands" within the purview of your question and for the purposes of this opinion. It would thus appear that ss 270.22
and 270.23 are also within the meaning of the phrase "laws relating to lands of the board of trustees."
From the foregoing it appears that the proceeds from the sale of Murphy Act lands are to be treated just like those from other state lands title to which is held by the board and that either s253.034(6) or ss 270.22 and 270.23, will govern the disposition of such proceeds.
The scope of these sections is not precisely the same. While all three dictate the disposition of the proceeds of certain state lands, ss 270.22 and 270.23, F.S., broadly address the issue and include the proceeds from the sale, lease or rental of lands of the Board of Trustees or the products thereof. On the other hand, s 253.034, as amended, addresses the proceeds from the "disposal" of particular lands which the board determines "are of no benefit to the public," which in my opinion means proceeds from the sale of these lands, not merely their lease or rental. See, definitions of "disposal," "dispose," "disposed," and "dispose of" in 27 C.J.S. 593-598; Black's Law Dictionary 557 (Rev. 4th ed., 1968). Thus it appears that the Legislature enacted s 253.034 to deal with the proceeds from a particular class of state-owned lands — those described therein and determined by the board to be of no public benefit and disposed of pursuant to s 253.034, F.S., as amended by Ch. 83-223, Laws of Florida.
It is a well-established principle of Florida law that when two statutes have been enacted covering the same subject the most recent may control [see, e.g., City of Jacksonville v. Bowden,64 So. 769 (Fla. 1914)]. However, it is equally well-established that when one statute covers an entire subject and a later statute embraces only a particular part of the same subject, they should be construed together, and the statute relating to the particular part of a general subject operates as an exception to or qualification of the general terms of the more comprehensive statute only to the extent of the repugnancy. State ex rel. Loftin v. McMillan, 45 So. 882 (Fla. 1908). See also, American Bakeries Co. v. Haines City, 180 So. 524 (Fla. 1938); State v. Gay,29 So.2d 623 (Fla. 1947); Fidelity Gas Co. of New York v. Bedingfield,60 So.2d 489 (Fla. 1952); State v. Young, 357 So.2d 416 (2 D.C.A.Fla., 1978); Carcaise v. Durden, 382 So.2d 1236 (5 D.C.A.Fla., 1980). See also, Roger Dean Enterprises, Inc. v. Department of Revenue, 371 So.2d 101 (4 D.C.A.Fla., 1978). Cf., 82 C.J.S. Statutes s 369 (when general law includes the same matter as a special act and thus conflicts with it, the special act will be considered to be an exception to or qualification of the general statute, whether passed before or after the general law). And see, Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla. 1980), stating that whenever possible full effect must be given to all statutory provisions and construed in harmony with each other; and Mann v. Goodyear Tire and Rubber Company, 300 So.2d 666 (Fla. 1974), in which the court said that when two statutes operate on the same subject *3040 without positive inconsistency or repugnancy, courts must construe them to preserve the force of both. It should also be noted that this office cannot bring about or effect the implied modification or repeal of any law, or alter or add to the wording of any statute. Such things can only be done by a court, and until a court determines otherwise this office must construe these three statutes as valid and having a field of operation.
Applying the rules of construction discussed above to the instant issue, s 253.034, F.S., as amended by Ch. 83-223, Laws of Florida, must be regarded as an exception to or a qualification of the more general provisions of ss 270.22 and 270.23, F.S. (1982 Supp.), to the extent of their repugnancy, if any.
Therefore, in my opinion the proceeds of the sale of Murphy Act lands, and other state lands title to which is vested in the Board of Trustees of the Internal Improvement Trust Fund (other than the lands described in and provided for in Ch. 375, F.S.), determined by the Board of Trustees to be of no benefit to the public pursuant to s 253.034, F.S., as amended by s 3 of Ch. 83-223, Laws of Florida, should be deposited in the Conservation and Recreation Lands Trust Fund established by s 253.023, F.S., as amended.
Proceeds of the sale of any Murphy Act lands not disposed of pursuant to s 253.034, F.S., as amended, and the proceeds of the sale, lease or rental of state lands title to which is vested in the Board of Trustees by the Legislature (other than those lands described in and provided for in Ch. 375, F.S.), or of the sale, lease or rental of the products thereof or of lands received by the Board of Trustees from other sources, should be deposited in the Internal Improvement Trust Fund pursuant to ss 270.22 and270.23, F.S. (1982 Supp.).
Proceeds from the sale or disposition of certain lands or water storage areas pursuant to s 375.031, F.S., should be deposited in the Land Acquisition Trust Fund.
Sincerely,
Jim Smith, Attorney General
Prepared by: Jason Vail, Assistant Attorney General