The Honorable Bill Gunter Insurance Commissioner and Treasurer Department of Insurance The Capitol Tallahassee, Florida 32301
Dear Commissioner Gunter:
This is in response to your request for an opinion on substantially the following questions:
 1. ARE INVESTIGATORS OF THE DIVISION OF INSURANCE FRAUD OF THE DEPARTMENT OF INSURANCE "LAW ENFORCEMENT OFFICERS?"
 2. ARE INVESTIGATORS FOR THE DIVISION OF INSURANCE FRAUD OF THE DEPARTMENT OF INSURANCE AUTHORIZED BY LAW TO CARRY FIREARMS IN THE PERFORMANCE OF THEIR DUTIES?
Your questions are related and will be answered together.
Supplemental information furnished with your request indicates that the Department of Insurance has attempted during the past several legislative sessions to obtain legislative authorization for the Division of Insurance Fraud investigators to carry firearms in the performance of their duties as provided in s626.989, F.S. These materials suggest that in view of the definition of "law enforcement officer" contained in s790.001(8)(a), F.S., and the provisions of s 790.25(3)(d) and (4), F.S., such legislative authorization is not needed, and further suggest that the cited statutes, all of which antedate the enactment of present s 626.989(7), F.S., by s 2 of Ch. 78-258, Laws of Florida, make s 626.989(7) subservient thereto or supersede any law in conflict therewith.
Section 626.989(7), F.S., brought into the statutes by s 2, Ch. 78-258, Laws of Florida, grants division investigators the power to make arrests for criminal violations (of ss 817.234 or 624.15, F.S.) established as a result of their authorized investigations only and makes the general laws applicable to arrests by peace officers applicable to such investigators. These provisions do not operate to make or denominate such investigators "peace officers" or "law enforcement officers;" they only make the laws applicable to arrests by peace officers applicable also to division investigators. The last sentence of s 626.989(7) specifically provides that the division investigators "empowered to make arrests under this section shall not be empowered to carry firearms or other weapons in the performance of their duties." Since they are not empowered to carry firearms or other weapons, they are not required to be certified or to undergo training as law enforcement officers under and as required by Ch. 943, F.S., s943.10(1) of which defines "law enforcement officer" to mean, inter alia, "any person who is . . . appointed, or employed full time by . . . the state . . . who is vested with authority to bear arms and make arrests . . . ." (e.s.)
Section 790.001(8)(a), F.S., defines "law enforcement officer" to include all officers or employees of the state or any agency or department thereof who have authority to make arrests for the purposes of Ch. 790, F.S., and that chapter only, and s 790.051, F.S., exempts law enforcement officers (as defined in s790.001[8][a] from the licensing and penal provisions of Ch. 790 when acting in the line of or performance of their duties. Section790.25(3)(d), F.S., provides that the licensing provisions of ss 790.05 and 790.06, F.S., are not applicable to, and declares it lawful for, inter alia, "other peace and law enforcement officers" to possess and lawfully use firearms and other weapons for lawful purposes. Section 790.25(4), F.S., provides that Ch. 65-410, Laws of Florida, codified as s 790.25, F.S., shall be supplemental and additional to existing rights to bear arms now guaranteed by law and court decisions, and that that act (Ch. 65-410) shall supersede any law, ordinance or regulation in conflict therewith. Chapter 65-410, Laws of Florida (s 790.25, F.S.), was enacted by the 1965 Legislature and took effect July 1, 1965. Sections790.001(8)(a) and 790.051, F.S., were added to Ch. 790 by Ch. 69-306, Laws of Florida, and took effect October 1, 1969 (see, ss 1, 11, and 12, Ch. 69-306).
This office is without power to authorize or sanction the division investigators' exercise of the power to carry firearms or other weapons in the performance of their duties in disregard of the specific legislative direction contained in the last sentence of s626.989(7), F.S., which withholds such power from such investigators. Nor does this office possess the power to decree by executive edict or effect an implied modification or repeal of s626.989(7) due to the provisions of ss 790.001(8)(a), 790.051, and790.25(3)(d) and (4), F.S. Absent a judicial determination that the cited provisions of Ch. 790, F.S., operate to effect an implied modification or repeal of s 626.989(7), or part thereof, the latter may be effectively amended or repealed only by the Legislature.
As noted above, the cited provisions of Ch. 790, F.S., antedate the enactment of s 626.989(7), F.S. If any irreconcilable conflict exists between s 626.989(7) and the cited provisions of Ch. 790, the later legislative expression or the most recent statute should govern or prevail to the extent of any such conflict. See, e.g., Albury v. City of Jacksonville, 295 So.2d 297 (Fla. 1974); De Coningh v. City of Daytona Beach, 103 So.2d 233 (1 D.C.A.Fla., 1958); Overstreet v. Ty-Tan, Inc., 48 So.2d 158 (Fla. 1950). Moreover, s 626.989(7) deals particularly and specifically with the Division of Insurance Fraud's investigative powers and the powers of its investigators while Ch. 790 deals generally with weapons and firearms regulation and, among other things, with "law enforcement officers" and "peace officers" in general, such that the more particular and specific statute should prevail over, or operate as an exception to or qualification of, the more general statute. See, e.g., Mann v. Goodyear Tire and Rubber Co.,300 So.2d 666 (Fla. 1974); Fidelity Casualty Co. of New York v. Bedingfield, 60 So.2d 489 (Fla. 1952); Liggett Drug Co. v. Gay,29 So.2d 623 (Fla. 1947).
Accordingly, unless and until legislatively provided or judicially determined otherwise, it is my opinion that under the distinct and specific terms of s 626.989(7), F.S., which particularly pertains to and provides that investigators of the Division of Insurance Fraud of the Department of Insurance are not empowered to carry firearms or other weapons in the performance of their duties, such division investigators do not have the right to carry firearms in the performance of their duties, notwithstanding the provisions of earlier enacted Ch. 790, F.S., which deals generally with weapons and firearms regulation and in s 790.001(8)(a), F.S., defines "law enforcement officer" to include all officers or employees of the state or any agency or department thereof who are authorized to make arrests, and the provisions of s 790.25, F.S., which authorize "peace and law enforcement officers" to use firearms and other weapons in carrying out their official duties and declares that the provisions of s 790.25 shall supersede any law in conflict therewith.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General