Mr. Douglas R. Bell District Attorney Central Broward Drainage District 8020 Stirling Road (Davie) Hollywood, Florida 33024
Dear Mr. Bell:
This is in response to your request, in your capacity as attorney for the Central Broward Drainage District, for an opinion on substantially the following question:
 IF THERE ARE ONLY TWO CANDIDATES RUNNING FOR A CENTRAL BROWARD DRAINAGE DISTRICT COMMISSION SEAT, ACCORDING TO CHAPTER 79-432, LAWS OF FLORIDA, IS THE ELECTION FOR THAT OFFICE REQUIRED TO BE HELD ON THE FIRST TUESDAY AFTER THE FIRST MONDAY OF NOVEMBER OF EACH EVEN-NUMBERED YEAR OR ON THE DATE OF THE FIRST PRIMARY ELECTION?
As your letter of inquiry notes, the Central Broward Drainage District was created by Ch. 61-1439, Laws of Florida, s 5 thereof pertaining to elections of district officers. Section 2 of Ch. 65-1006, Laws of Florida, amended s 5 of the original enabling legislation to provide that the general district elections shall be held on the third Tuesday in May of every other year. Section 2 of Ch. 65-1006 also provided that whenever a primary election for the district was necessary, it would be held in March, but that if the number of candidates were less than or not more than twice the number of positions to be filled then no primary election would be held, and those candidates would be declared nominated and their names put on the general election ballot.
In 1979, s 5 of Ch. 61-1439, as amended by Ch. 65-1006, was extensively amended by s 2 of Ch. 79-1432, Laws of Florida, which provides in pertinent part:[1]
 The general district election shall be held on the first Tuesday after the first Monday in November of each even numbered year. . . .
*
 The secretary [of the board of commissioners] shall within seven (7) days thereafter [after canvassing and declaration of results] furnish each person shown to have been elected a certificate thereof. The candidates receiving the highest number of votes cast in each zone election in the first primary shall be declared elected.
 If no candidate receives a majority of the votes cast in each zone election, the two (2) candidates receiving the highest number of votes for each zone in a primary election shall have their names printed on the ballots for the next general election. (e.s.)
Note also the deletions accomplished by s 2, Ch. 79-432 which expressly deleted the provisions of s 5, Ch. 61-1439, as amended, which stated:
 Whenever, for any primary election, the number of candidates is less than, or not more than twice the number of positions to be filled, then, in that event, no primary election shall be held, even though previously called, and when time for qualifying for such election is passed, the secretary shall certify such fact to the board of commissioners, and the board of commissioners shall declare such persons to be nominated for the office they seek, and their names printed on the ballots for the next general elections. However, if candidates in number greater than twice the number of positions to be filled have qualified for any primary election, as aforesaid, then it shall be the duty of the board of commissioners to hold such primary election. . . .
The additions and deletions accomplished by s 2 manifest an apparent legislative intent to delete the requirement for a general district election in certain instances, and thus, in those situations, to shift the focus from the general election to the primary election, to the effect that if there are only two candidates for a single commission seat, as your inquiry hypothesizes, the candidate that receives the highest number of votes cast in each zone election in the first primary shall be declared elected. Thus, in the hypothetical situation described in your inquiry, the election is required to be held on the date of the first primary.
The repeal by omission of the above-referenced paragraph (set out in full at page 27, Special Acts, 1979, Volume II, Laws of Florida) supports this view. It is a general rule that when the Legislature amends a statute by omitting words, it is presumed that the Legislature intended the statute to have a different meaning than that accorded it before the amendment. Capella v. City of Gainesville, 377 So.2d 658 (Fla. 1979); Arnold v. Shumpert, 217 So.2d 116 (Fla. 1968); State ex rel. McQuaid v. County Com'rs of Duval Co., 3 So. 193 (Fla. 1887) (noting that where a section expressly amendatory of another section of a statute purports to set out in full all it is intended to contain, any matter which was in the original section but is not in the amendatory section is repealed by omission); Hall v. Oakley,409 So.2d 93 (1 D.C.A. Fla., 1982); Swartz v. State, 316 So.2d 618 (1 D.C.A. Fla., 1975). See also, 82 C.J.S. Statutes s 384(b)(2) (discussing the presumption, employed in statutory construction, that the Legislature in adopting an amendment [such as where material words contained in the original act are omitted from the amendatory act] intended to make some change in existing law); 1A Sutherland, Statutory Construction s 22.32 (noting that matter omitted in an amendment of an act or section is considered repealed; citing McQuaid, supra).
Moreover, even if an ambiguity or conflict were perceived between the provision of Ch. 79-432 calling for a general district election and the provision recognizing a final election of those candidates at the first primary who receive the highest number of votes cast in each zone election, the latter and more specific provision of Ch. 79-432 — providing for the zone election results to be dispositive in the above-described instances — would control. State v. City of Hialeah, 109 So.2d 368 (Fla. 1959) (holding that when there are inconsistent provisions in the same statute the last in point of time or order of arrangement prevails); State v. City of Boca Raton, 172 So.2d 230 (Fla. 1965) (adhering to the rule that the last expression of legislative will — in point of time or order of arrangement — is the law in cases of conflicting provisions in the same statute); Johnson v. State, 27 So.2d 276
(Fla. 1946) (applying this same rule, noting that exceptions to rule were inapposite, and holding that where provisions of second paragraph of statute conflicted with first paragraph, second paragraph controlled, especially since second paragraph was consistent with other provisions of same chapter and legislative intent). See also, Wiggins v. State, 101 So.2d 833 (1 D.C.A. Fla., 1958) (courts, in construing ineptly phrased statute, are called upon to reconcile apparent inconsistencies within same statute and give meaning to language employed as a whole).
Accordingly, it is my opinion that if there are only two candidates running for a single Central Broward Drainage District Commission seat, the provisions of that district's enabling legislation, as amended by Ch. 79-432, Laws of Florida, require that the election be held at the district's primary election, which is the same day as the primary election for Broward County.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General
[1] The title to Ch. 79-432 provides, inter alia, that the primary election and general election for this drainage district shall be held on the same day as the primary election and general election for Broward County, respectively, and that this act `shall take precedence over any conflicting law. . . .' Section 5 of Ch. 61-1439, as amended by Chs. 65-1006 and 79-432, provides in pertinent part that all general elections and primaries for same unless otherwise provided in the act shall be called by proclamation of the Chairman of the Board of Commissioners which proclamation shall set the hours and date for such elections in accordance with the Florida Election Code and revisions thereto. Cf., ss 100.061 and 100.091, F.S., setting the dates for the first and second primary elections under the Florida Election Code.