The Honorable David H. Pingree Secretary Department of Health and Rehabilitative Services 1317 Winewood Boulevard Tallahassee, Florida 32301
Dear Secretary Pingree:
This is in response to your request for an opinion concerning the proper interpretation of the phrase `the department shall remove such person from the jail' contained in s 6 of Ch. 84-285, which amends s 394.459(1) of the Baker Act. Rephrased your question asks:
 IS THE DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES RESPONSIBLE FOR THE TRANSPORTATION OF THOSE PERSONS OR PATIENTS DESCRIBED IN THE 1984 AMENDMENT TO s 394.459(1), I.E., THOSE MENTALLY ILL PERSONS WHO HAVE BEEN `ADJUDICATED INCOMPETENT TO STAND TRIAL OR NOT GUILTY BY REASON OF INSANITY,' OR WHO HAVE `BEEN FOUND BY THE COURT TO MEET THE CRITERIA FOR INVOLUNTARY PLACEMENT PURSUANT TO s 394.467(1)'?
Extensive amendments were made to Part I, Ch. 394, F.S., the `Florida Mental Health Act,' also known as `The Baker Act,'[1]
by Ch. 84-285, Laws of Florida. Specifically, the 1984 Legislature amended Part I to make `substantial additions to language describing procedures and responsibilities for the transportation
of mentally ill persons, both civil and criminal, which removethat responsibility from law enforcement and require that localgovernments find alternate methods of providing transportservices.' (e.s.) See, House of Representatives, Staff Analysis, CS/HB 1273 (passed as CS/SB 797), Committee on Health and Rehabilitative Services.
Section 6 of Ch. 84-285, Laws of Florida, amends[2] s394.459(1), (2)(b), (e), (4), (9), and (11), F.S. Changes made in subsections (1) and (11) of s 394.459 are pertinent to your inquiry:
394.459 Rights of patients. —
 (1) RIGHT TO INDIVIDUAL DIGNITY. — The policy of the state is that the individual dignity of the patient shall be respected at all times and upon all occasions, including any occasion when the patient is taken into custody, detained, or transported. Procedures, facilities, vehicles, and restraining devices utilized for criminals or those accused of crime shall not be used in connection with the noncriminal mentally ill except for the protection of the patient or others. The noncriminal mentally ill shall not be detained or incarcerated in the jails of this state. Persons who are
mentally ill and are charged or convicted of committing criminal acts shall receive appropriate treatment. In criminal cases involving a person who has been adjudicated incompetent to stand trial or not guilty by reason of insanity, or has been found by the court to meet the criteria for involuntary placement pursuant to s. 394.467(1), a jail may be used as an emergency facility for up to 15 days. The department shall remove such person from the jail no later than the end of this period. In all cases in which a patient adjudicated pursuant to chapter 916 is held in a jail, treatment shall be provided in the jail, for up to the 15-day period, by the local receiving facility, the partient's physician or clinical psychologist, or any other mental health program available to provide such treatment. (e.s.)
Subsection (11), as amended, specifically addresses the question of who is responsible for transportation:
(11) TRANSPORTATION. —
 (a) If neither the patient nor any person legally obligated or responsible for the patient is able to pay for the expense of transporting the patient to a treatment facility, the governing board of the county from which the patient is hospitalized shall arrange for such required transportation
and, pursuant thereto, shall ensure the safe and dignified transportation of any such patient. County and municipal law enforcement and correctional personnel and equipment shall not be used to transport patients adjudicated mentally incompetent or found by the court to meet the criteria for involuntary placement pursuant to s. 394.467(1), except in small rural counties where there is [sic] no cost efficient alternatives.
 (b) The governing board of each county is authorized to contract with private transport companies for the transportation of such patients to and from a treatment facility.
 (c) Any company transporting a patient pursuant to this section shall be considered an independent contractor and shall be solely liable for the safe and dignified transportation of the patient. Any transport company contracting with a governing board of a county for the transport of patients as provided for in this section shall be insured and shall provide no less than $100,000 in liability insurance with respect to transporting of the patients.
 (d) Any company contracting with a governing board of a county to transport patients shall comply with applicable rules of the department to ensure the safety and dignity of the patient. (e.s.)
Subsection (11) `Transportation' occurs later in Ch. 84-285, and is more specific in nature of subject matter treated, than subsection (1) `Right to Individual Dignity.' Thus, if there is an inconsistency or lack of clarity perceived[3] in these two provisions when they are read together, subsection (11) should be regarded as controlling. See, e.g., State v. City of Hialeah,109 So.2d 368 (Fla. 1959); State v. City of Boca Raton, 172 So.2d 230
(Fla. 1965); AGO 85-28 (discussing rule to be applied when construing conflicting or inconsistent provisions of same statute).
The term `patient' as used in subsection (1) and (11) of s 394.459
is defined by s 394.455(11) as `any mentally ill person who seeks treatment under this part or any person for whom such treatment issought.' (e.s.) The 1984 amendment of s 394.459(1) in defining the `rights of patients' to individual dignity, addresses a subcategory of `patient': persons who are mentally ill and are charged or convicted of committing criminal acts. The fifth sentence of the subsection, as amended, addresses several types of such `persons' who are to receive treatment pursuant to Ch. 394, i.e., those persons who have been adjudicated incompetent to stand trial or not guilty by reason of insanity, or who have been found by the court to meet the criteria for involuntary placement pursuant to s 394.467(1), and the phrase about which you inquire `the department shall remove such person from the jail' refers to those subcategories of patients. Subsection (11) of s 394.459, as amended, however, continues to place the responsibility for transportation of a `patient' who is indigent on the county. It is the county which `shall arrange for' and `ensure the safe and dignified transportation of any such patient.' (e.s.) Cf., AGO 76-59 (county's duty to arrange for indigent patient's transportation to treatment facility); AGO 74-108. Nothing in s394.459, as amended, excludes any subcategory of `patient' from the county's general responsibility to arrange transportation for any such indigent patient. The language of the 1984 amendment to subsection (11)(a) forbids generally the use of law enforcement[4]
and correctional personnel and equipment to transport certain categories of patients to a treatment facility [those adjudicated mentally incompetent or found by the court to meet the criteria for involuntary placement pursuant to s 394.467(1)[5]
but does not exempt the county itself from the patient transportation responsibilities placed upon it by s 394.459(11). For those types of patients, however they may be defined or categorized, paragraphs (a)-(d) of (11) expressly allow their safe and dignified transportation to a treatment facility by a private transport company under contract with the county.
In summary, it is my opinion that the phrase `the department shall remove such person from the jail' contained in s 394.459(1), F.S. (1984 Supp.), should not be construed as requiring the Department of Health and Rehabilitative Services to assume those patient transportation duties otherwise expressly placed on the county from which the patient is hospitalized by subsection (11) of s394.459, F.S. (1984, Supp.), as amended by s 6 of Ch. 84-285, Laws of Florida; it is the county, and not the department, that is responsible for transportation of those indigent and mentally ill persons who have been adjudicated incompetent to stand trial or not guilty by reason of insanity, or who have been found by the court to meet the criteria for involuntary placement pursuant to s394.467(1), F.S.
Sincerely,
Jim Smith Attorney General
Prepared By:
Anne Curtis Terry Assistant Attorney General
[1] See, s 394.451, F.S.; mental health services in Florida are provided within the statutory framework of Ch. 394, F.S., with Part I providing definitions, criteria and procedures for the voluntary and involuntary treatment of mentally ill persons, and establishing a bill of rights for persons who are treated for mental illness. These rights include a right to individual dignity, including a prohibition against treating mentally ill persons in the same manner as criminals. See, House of Representatives, Staff Analysis, CS/HB 1273 (passed as CS/SB 797), Committee on Health and Rehabilitative Services.
[2] Note that most of the provisions of Ch. 84 -285 took effect on July 1, 1984, but that amendments to s 394.459(2), (4), (9) and (11) took effect on January 1, 1985 and that amendments to subsection (1) of s 394.459 shall take effect on July 1, 1985. See, section 29 of session law and also notes 1 and 2 to s394.459, F.S. (1984 Supp.).
[3] A reading of subsection (1)'s phrase `[t]he department shall remove such person from the jail,' in pari materia with the more specific language of subsection (11) regarding the county's responsibility to arrange transportation for indigent patients, clears up any confusion resulting from the use of the word `remove.' Use of the word `remove' viewed in the entire context of s 394.459 was probably intended to reflect the change in treatment responsibility that occurs at that time and does not appear to require the physical action of removal by the department itself. Rather, it probably reflects the administrative-clerical transfer of the patient to a treatment facility. Compare, s 916.13 and s916.15 (Department `shall admit' person adjudicated incompetent to stand trial, and `shall admit' defendant adjudicated not guilty by reason of insanity and who is found to meet the criteria for involuntary hospitalization). (e.s.)
[4] Contrast, ss 394.461(4)(e) and 394.463(2)(a) 1., 2., 3. and also (b), providing for law enforcement transport to receiving facilities. See, s 394.461(1) and (2) defining, respectively, `receiving facility' and `treatment facility,' and AGO 74-108.
[5] Note that s 394.467(1), `criteria for involuntary placement,' includes both civil and criminal cases — see, subsection (1)(a) `not guilty by reason of insanity.' Thus, it is arguable that patients included within (1)(a) may not be transported by law enforcement authorities, in view of the express language of s394.459(11)(a). That issue is not addressed in this opinion, and no attempt has been made to systematically resolve it.