Mr. James T. Norton Attorney Clerk of Circuit Court Clay County Post Office Box 698 Green Cove Springs, Florida 32043
Dear Mr. Norton:
This is in response to your request on behalf of the Honorable George L. Carlisle, Clerk of the Circuit Court for Clay County, for an opinion on substantially the following question:
 WHAT IS THE EFFECTIVE DATE OF SECTION 103 OF CH. 86-220, LAWS OF FLORIDA?
Section 103 of Ch. 86-220, Laws of Florida, amends s. 28.101, F.S., to provide in pertinent part that, "[w]hen a party petitions for a dissolution of marriage, the clerk shall collect and receive a charge of $5 in addition to the filing charges in s. 28.241." The section further provides for a monthly transfer of moneys collected to the Department of Health and Rehabilitative Services for deposit in the Child Welfare Training Trust Fund created by s. 105 of Ch. 86-220, supra. Sections 103 and 105 each include the express and specific provision that they are "[e]ffective July 1, 1986. . . ." In fact, at least 48 separate sections within Ch. 86-220 expressly and specifically provide for an effective date of July 1, 1986. However, the general effective-date clause for the act as a whole, s. 162, Ch. 86-220, supra, provides that "[t]his act shall take effect October 1, 1986, except that this section and section 61.181(1) and (2), Florida Statutes, created by section 15 shall take effect July 1, 1986." Section 162 does not mention the specific and particular effective date provided for in s. 103 itself. Accordingly, you inquire as to the duty of clerks of the circuit court to collect and receive the charge of $5 referred to in s. 103 of Ch. 86-220 prior to October 1, 1986.
When an act states a time in the future when it shall take effect and be in force, it has effect only from that date. Attorney General Opinion 61-91. See, 82 C.J.S. Statutes s. 399. The rule applies, however, only where a contrary intent is not manifest in the act itself. 82 C.J.S. Statutes s. 400. Where a contrary intention is expressly stated, a statute should take effect in accordance with the purpose and intent of the body which enacts it. Pinellas County Planning Council v. Smith, 360 So.2d 371, 372
(Fla. 1978), n. 1. The specific provisions in the body of an act clearly expressing the legislative intent should supersede and control over an effective-date clause in the act that conflicts with such intent. Attorney General Opinion 73-250. See also, AGO 73-280 (construing two different statutes in pari materia).
The general rule as to inconsistent provisions in the same statute is that the last expression of the legislative will is the law, and that the last expression of the legislative will is determinable according to which of the inconsistent provisions is last in point of time or order of arrangement. State v. City of Boca Raton, 172 So.2d 230 (Fla. 1965); State v. City of Hialeah,109 So.2d 368 (Fla. 1959). The rule is subject to the exception that, if the last expression in one section is plainly inconsistent with preceding sections which conform to the obvious legislative policy and intent, such last expression in order of arrangement must be so construed as to give it effect with the preceding sections and parts of sections and with the intent and policy indicated. Sharer v. Hotel Corporation of America,144 So.2d 813 (Fla. 1962); State ex rel. Johnston v. Bessenger,21 So.2d 343 (Fla. 1945). Moreover, a specific and particular expression of legislative intent generally controls over a more general provision. See, e.g., Mann v. Goodyear Tire and Rubber Company, 300 So.2d 666 (Fla. 1974); Fidelity Cas. Co. of New York v. Bedingfield, 60 So.2d 489 (Fla. 1952); State ex rel. Liggett Drug Co. v. Gay, 29 So.2d 623 (Fla. 1947).
The case of State ex rel. Johnston v. Bessenger, supra, is strikingly similar to the question presented in your inquiry. There the Supreme Court declined to permit the effective date specified in the last clause of s. 13, Ch. 13250, 1927, Laws of Florida, to prevail over conflicting effective dates in preceding sections of the act and the first clause of s. 13 on the basis that the last clause of s. 13 did not conform to the legislative intent manifested in the preceding provisions of the act. Thus, the Court found an exception to the general rule that the last provision in point of time or order of arrangement should prevail. Compare, Johnson v. State, 27 So.2d 276 (Fla. 1946), concluding that exceptions to the general rule did not apply since the challenged last provision of the statute in question was more consistent with the legislative intent.
Finally, an examination of the legislative history of CS/HB 1313, which became Ch. 86-220, Laws of Florida, indicates that the specific and particular specification of July 1, 1986, as the effective date for s. 103 thereof was in fact the last expression of the legislative will in point of time, although not in order of arrangement. Journals of proceedings in the Senate and House of Representatives for June 4-June 6, 1986, establish that s. 103, Ch. 86-220, supra, was originally s. 56 of another house bill which was passed, engrossed and certified to the Senate as CS/HB 1371. See, Journal of the House of Representatives, June 4, 1986, at pp. 845-882. See also, s. 87, CS/HB 1371 ("Except as otherwise provided herein, this act shall take effect October 1, 1986." [e.s.]. On June 5, the Senate passed CS/HB 1313 as amended and certified it to the House. See, Journal of the Senate, June 5, 1986, at pp. 733-747. It does not appear that the Senate ever took any action on CS/HB 1371. As certified to the House, CS/HB 1313 did not contain the provision enacted into law as s. 103 but did contain the effective-date section that was enacted into law as s. 162 of Ch. 86-220, Laws of Florida. On consideration of CS/HB 1313 as amended by the Senate, the House approved a further amendment containing s. 103 and specifying July 1, 1986, as the effective date of such section. See, Journal of the House of Representatives, June 6, 1986, at pp. 1235-1265 and 1282-1285. The bill as amended was certified to the Senate which concurred in the House amendments, specifically including s. 103 "[e]ffective July 1, 1986," and passed the bill without further amendment. See, Journal of the Senate, June 6, 1986, at pp. 1167-1202.
Accordingly, unless and until legislatively or judicially determined otherwise, I am of the view that the effective date of s. 103 of Ch. 86-220, Laws of Florida, is July 1, 1986, since the specific and particular expression of legislative intent manifested by that section appears to constitute the last expression of the legislative will notwithstanding the general provisions of s. 162 thereof as to an effective date of October 1, 1986, for the act as a whole.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General