PER CURIAM.
This is an interlocutory appeal from an order denying defendants’ motions for a change of venue and for transfer of cause and an alternative motion to dismiss. We reverse.
Plaintiff, a judge in the Second District Court of Appeal, was seriously injured in an automobile accident in Tampa. His complaint alleges that an employee of defendant-Goodyear Tire and Rubber Company caused the accident, and Travelers was Goodyear’s insurer. The suit was filed in Circuit Court for Dade County.
Defendants, in the motion for change of venue, recited that the accident occurred in *682 Hillsborough County, that all the witnesses, the records, the vehicles involved, and the investigating officers were located in the Tampa area. Defendants maintained that a trial outside of Hillsborough County would cause undue hardship and would be time-consuming and expensive.
Admittedly, the circumstances of this cause are unusual. Plaintiff points out that as an appellate judge in the Second District he wishes to avoid all thoughts of indelicacy or appearance of impropriety. Since Judge Mann hears appeals from trial judges, he contends that a trial before one of these judges as well as local jurors would present an embarrassing situation.
Plaintiff further argues that the trial court’s order was correct because of the provision of F.S. 47.163 [1] F.S.A., or, alternatively, because the “interest of justice” provision of our forum non conveniens statute still requires this case to be tried outside of the Second District. We do not agree.
The forum non conveniens statute, F.S. 47.122,[2] F.S.A., was enacted subsequent to F.S. 47.163, F.S.A., and as a later expression of the legislative will is controlling. State v. City of Boca Raton, Fla. 1965, 172 So.2d 230.
This court has previously construed F.S. 47.122, F.S.A., in England v. Cook, Fla.App.1972, 256 So.2d 403, wherein we indicated that when no witnesses reside in the transferor forum but do reside in the transferee forum, and the cause of action arising in Florida is transitory, then the suit should be transferred.
We think this case should be properly instituted in the Circuit Court in Hillsborough County. -It may be that in the interest of justice the court in the exercise of discretion will order a change of venue to another district which is nearer to Tampa than Dade County. Or the Chief Justice of the Supreme Court may assign a circuit judge from another district or a retired judge to sit on this case. See Fla. Const. Art. V, § 2(b), F.S.A.
Therefore, for the reasons stated the order appealed is reversed and remanded to the circuit court with directions to transfer the cause to the Circuit Court of Hillsbor-ough County.
Reversed and remanded with directions.
CARROLL, J., concurs in the judgment.

. F.S. 47.163, F.S.A., provides: “No change of venue shall be made to any county or district where either of the parties reside, except by their consent.”

. F.S. 47.122, F.S.A., provides: “For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.”