300 So.2d 666 (1974)
Robert T. MANN et ux., Petitioners,
v.
The GOODYEAR TIRE AND RUBBER COMPANY, Etc., et al., Respondents.
No. 44793.
Supreme Court of Florida.
July 31, 1974.
Rehearing Denied October 17, 1974.
*667 Robert Orseck, of Podhurst, Orseck & Parks, Beckham & McAliley, Miami, and Wagner, Cunningham, Vaughan, Hapner & May, Tampa, for petitioners.
David L. Willing of Adams, George, Wood, Schulte & Thompson, Miami, for respondents.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of this District Court of Appeal, Third District, reported at 285 So.2d 681. Our jurisdiction is based on conflict[1] between the decision sought to be reviewed and State v. Putnam County Development Authority,[2] State v. Collier County,[3] Farish v. Lums, Inc.,[4] inter alia.
The facts of the case are as follows:
On November 3, 1971, a motor vehicle owned by Respondent and operated with its permission and consent by an employee, acting in the scope of his employment, ran into a stopped motor vehicle, propelling it violently into the person of Petitioner, seriously injuring him. The accident occurred in Hillsborough County. Petitioners sued Respondent for damages, alleging negligence; they filed their complaint in Dade County. Respondent filed a motion to dismiss the cause, claiming that venue was improper, and that proper venue was in Hillsborough County. Respondent also filed a separate motion to transfer or change venue to Hillsborough County, asserting that all witnesses and participants, including petitioners, resided or were situated in Hillsborough County, and that the evidence was there; the motion acknowledged that Respondent did business throughout Florida, but asserted that the employees and offices involved in the claim were in Hillsborough County. Petitioner filed his affidavit in opposition to these motions, giving the reasons he elected not to file his claim in Hillsborough County. The trial court denied the motions to dismiss or transfer the cause, whereupon, Respondent filed its interlocutory appeal. The District Court of Appeal, Third District, reversed, holding that the motion of transfer should have been granted.
We reverse the District Court for reasons which will be set out below.
It is clear that, under Section 47.051, Florida Statutes,[5] Petitioners had multiple *668 venue choices available to them and that they properly exercised their right of selection; that under Section 47.122,[6] Florida Statutes, the forum non conveniens statute, usually a cause may be transferred for the convenience of either the parties or the witnesses; and that Petitioners invoked Section 47.163, Florida Statutes,[7] in opposition to Respondent's motion to transfer. The District Court, in essence, nullified Section 47.163, Florida Statutes, holding that Section 47.122, Florida Statutes, being a later expression of legislative will, controls. We disagree in view of the well-settled rule that, where two statutes operate on the same subject without positive inconsistency or repugnancy, courts must construe them so as to preserve the force of both without destroying their evident intent, if possible.[8] It is an accepted maxim of statutory construction that a law should be construed together with and in harmony with any other statute relating to the same subject matter or having the same purpose, even though the statute were not enacted at the same time.[9] Of course, repeal by implication is not favored.[10] Applying these general principles of the specific facts of this case, we hold that, absent the necessary clear intention to repeal, the later discretionary general statute (§ 47.122, F.S., the forum non conveniens statute) is presumed to have made an exception to the prior specific, mandatory statute (§ 47.163, F.S.) which prohibits transfer of a case to the residence of either of the parties without their consent. We conclude that, when suing a foreign corporation, one has the right to bring one's action anywhere business is transacted in Florida[11] subject to the forum non conveniens statute[12] and further limited by the provisions of Section 47.163, Florida Statutes,[13] requiring the consent of the parties.
In view of the foregoing, the decision of this District Court is quashed and the cause remanded with directions that the order of the trial judge be reinstated.
It is so ordered.
ADKINS, C.J., and ROBERTS, ERVIN and OVERTON, JJ., concur.
NOTES
[1] Article V, Section 3(b)(3), Florida Constitution.
[2] 249 So.2d 6 (Fla. 1971).
[3] 171 So.2d 890 (Fla. 1965).
[4] 267 So.2d 325 (Fla. 1972).
[5] "... Actions against foreign corporations doing business in this state shall be brought in a county or district where such corporation has an agent or other representative, or where the cause of action accrued, or where the property in litigation is located."
[6] "For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought."
[7] "No change of venue shall be made to any county or district where either of the parties reside, except by their consent." (Emphasis supplied.)
[8] Ellis v. City of Winter Haven, 60 So.2d 620 (Fla. 1952).
[9] Garner v. Ward, 251 So.2d 252 (Fla. 1971).
[10] Howarth v. City of DeLand, 117 Fla. 692, 158 So. 294 (1934).
[11] Section 47.051, Florida Statutes, supra, see Note 5.
[12] Section 47.122, Florida Statutes, supra, see Note 6.
[13] See note 7, supra.