## FAGALY v. ALDERMAN PROPERTIES, INC.
### Case No. SO84-5702
County Court, Orange County

April 4, 1985

### APPEARANCES OF COUNSEL

Plaintiff and defendant pro se.

### OPINION OF THE COURT

JAMES C. HAUSER, County Judge.

This cause came before this court as a pre-trial on April 2, 1985. The plaintiff was a tenant of the defendant landlord and is suing the landlord for her security deposit of $240.00. Both sides agree that within fifteen days of the tenant vacating the premises the landlord sent the tenant a written notice withholding the deposit in compliance with 83.49(3)(a). Within fifteen days the tenant made an *oral*, but not written objection to the claim.

### *STATEMENT OF LAW*

Florida Statute 83.49(3) provides:

(a) Upon the vacating of the premises for termination of the lease, the landlord shall have 15 days to return the security deposit together with interest if otherwise required, or in which to give the tenant written notice by certified mail to the tenant's last known mailing address of his intention to impose a claim on the deposit and the reason for imposing the claim. The notice shall contain a statement in substantially the following form:

This is a notice of my intention to impose a claim for damages in the amount of _____ upon your security deposit, due to _____. It is sent to you as required by s. 83.49(3) Florida Statutes. *You are hereby notified that you must object in writing to this deduction from your security deposit within 15 days from the time you receive this notice or I will be authorized to deduct my claim from your security deposit.* Your objection must be sent to (landlord's address).

If the landlord fails to give the required notice within the 15-day period, he forfeits his right to impose a claim upon the security deposit.

(b) Unless the tenant objects to the imposition of the landlord's claim or the amount thereof within 15 days after receipt of the landlord's notice of intention to impose a claim, the landlord may then deduct the amount of his claim and shall remit the balance of the deposit to the tenant within 30 days after the date of the notice of intention to impose a claim for damages.

Florida Statute 83.49(3)(a) requires the landlord to send written notice to the tenant specifying the reason he is withholding the deposit. In the letter the landlord sends the tenant the statute requires that the tenant be notified that if he wishes to object he must do so in writing within 15 days or his deposit will be forfeited.

Florida Statute 83.49(3)(b) is the tenant's counterpart to Florida Statute 83.49(3)(a). Although 83.49(3)(b) requires the tenant to object to the claim, it is silent whether the tenant must do so in writing.

Although Florida Statute 83.49(3)(a) and (b) are not completely compatible, that does not mean they are in direct conflict. Courts are charged with the duty to harmonize and reconcile statutes whenever possible. *Mann v. Goodyear Tire and Rubber Co.*, 300 So.2d 666 (Fla. 1974); *State v. Putnam County Development Authority*, 249 So.2d 6 (Fla. 1971). This court rules that the statutes may be harmonized as follows:

1) If in the landlord's letter to the tenant the landlord specifies the

tenant must object in writing (as required by 83.49(3)(a)) then if the tenant objects orally, but not in writing, the landlord is entitled to keep the deposit.[1]

2) If the landlord's notice to the tenant fails to specify that the tenant must object in writing then the tenant may object orally in addition to objecting in writing.

In the case at bar the landlord's letter specifically required that the tenant respond in writing within 15 days. Therefore, based upon above ruling plaintiff's claim for the deposit is dismissed.

---

[1] The plaintiff is given 20 days to file an amended complaint to recover the deposit money under another theory of law, such as unjust enrichment. This court however makes no ruling whether such an amended complaint would state a cause of action.