COBB, Chief Judge.
The appellant, Seminole County, timely appeals the trial court’s order that Seminole County pay certain travel expenses incurred by the public defender’s office. The dispute arose from a criminal proceeding wherein Jose Padilla was charged with first-degree murder and had been declared indigent by the trial court, with the public defender’s office appointed as counsel.
On May 15, 1984, the public defenders handling the case filed a motion to authorize the expenditure of public funds for the purpose of discovery. This motion requested that the court authorize the expenditure of funds, under Florida Rule of Criminal Procedure 3.220(k), for travel expenses to be incurred by the public defender’s office in order to go to Puerto Rico and interview certain defense witnesses. This motion represented to the trial court that the office of the public defender was without funds to conduct the necessary discovery. An unrecorded hearing was held on the motion on May 29, 1984, resulting in an order filed July 10, 1984, granting the motion.
On appeal, the county frames the issue: Whether Seminole County is required or permitted to pay travel expenses of assistant public defenders travelling on official business relating to the defense of a criminal case.
The County relies upon section 27.54(2), Florida Statutes (1984), which prohibits the County from contributing funds to “the operation of the offices of the various public defenders.... ” The public defenders, on the other hand, rely on the provision of Florida Rule of Criminal Procedure 3.220(k) *29 to support the trial court’s order. That rule provides:
Costs of Indigents. After a defendant is adjudged insolvent, the reasonable costs incurred in the operation of these rules shall be taxed as costs against the county.
The question thus becomes whether this travel expense is an appropriate taxable cost of discovery and thus to be paid by the county, or an operational expense of the public defender’s office, and thus part of its office expenses. This question was recently addressed in an opinion by the attorney general, 1984 Op.Atty.Gen.Fla. 84-94 (October 10, 1984). There, the question was, “When travel expenses are incurred by a public defender or state attorney in connection with out-of-jurisdiction depositions pursuant to Florida Rule of Criminal Procedure 3.220(k), must the county pay such travel expenses, or must such costs be taxed against the public defender’s or state attorney’s respective operating budgets?” In answering this question, the attorney general noted that under section 27.33(1), Florida Statutes (1984), state attorneys are required on an annual basis to submit a report containing an estimate in itemized form showing “the amount needed for operational expenses for the year.” The section further provides, in subsection (e), that included among such operational expenses are travel expenses of state attorneys and assistant state attorneys. Additionally, in section 27.34(1), there is a provision parallel to section 27.54(2) for state attorneys that “no county or municipality shall appropriate or contribute funds to the operation of the various state attorneys.” The attorney general also noted that, although case law has not addressed the specific question, the courts generally have disallowed travel expenses incurred in attending the trial itself. See Dinauer v. State, 317 So.2d 792 (Fla.1st DCA 1975). Additionally, in dicta, the Florida Supreme Court in the case of Shuman v. State, 358 So.2d 1333 (Fla.1978), in discussing whether the costs of appellate transcripts should be borne by a county, stated:
... An examination of section 27.54 in its entirety reflects that the enactment relates solely to operation expenses of the public defender’s offices, such as for employment of personnel and travel expenses. It is clear, therefore, that subsection (2) of the statute was intended only to prohibit counties from contributing to such operating expenses; it does not proscribe contributions for costs of appeals — those appellate expenditures which are not related to internal operation of the public defender’s office.... (Emphasis added.)
Id. at 1336-37.
The attorney general concluded that these travel expenses were the responsibility of the public defender’s office as operational expenses, stating:
Applying these statutory provisions which are in harmony with the judicial decisions on travel expenses, it is my opinion that such expenses must be borne by the various state attorneys and public defenders as an operational expense of their offices.
1984 Op.Atty.Gen.Fla. 84-94 (Oct. 10, 1984).
We agree with the reasoning of the attorney general’s opinion; the statutes and rules of Florida require that such travel expenses should be borne as part of the operational expenses of the state, and should not be paid by the County.
In the instant case, the motion of the public defenders represented that the travel to Puerto Rico for discovery was essential to a proper defense of Padilla, and that the public defender “was without funds” for this purpose. Even if we assume that this allegation was sustained as fact to the satisfaction of the trial judge at the unreported hearing, this fact alone cannot allow the circuit court to shift the financial obligation of one unit of government (the state) to another (the county). There was no allegation that the state itself was billed for this expense and could not pay. This court takes judicial notice that the state, at least at this point in time, is solvent. *30 Therefore, the decision of the lower court is
REVERSED.
ORFINGER and COWART, JJ., concur.