NIMMONS, Judge.
This is an appeal, pursuant to Fla.R. App.P. 9.130(a)(4), from the lower court’s granting of a motion by the State Attorney to assess costs of deposition transcripts against Hamilton County. We reverse.
The State Attorney’s Office for the Third Judicial Circuit filed motions to assess costs against Hamilton County in fifteen criminal cases, alleging that costs were incurred in obtaining deposition transcripts, that the transcripts had served a useful purpose and that the defendants involved in the cases had been insolvent. Hamilton County moved to strike the motions on grounds that the depositions had not been introduced at trial, that the statement that the depositions had served a useful purpose was conclusory, that there was no statutory provision allowing for the relief sought, and that funds were appropriated to the state attorney’s office for paying these costs. The state attorney took the depositions in the various cases after indictment or information. None of the depositions were actually used at trial. In fact, only two of the cases even went to trial.
Counties’ liability for such post-indictment or information costs incurred in the prosecution or defense of an insolvent or discharged defendant is the subject of a rather extensive and recent opinion of the Attorney General in AGO 84-94. We adopt the reasoning of that opinion with respect to the subject issue and hold that such deposition costs are properly taxable against the county pursuant to former § 9, Art. XYI, Constitution of 1885, and § 939.-15, F.S., if the trial court finds that such costs were reasonable and served a useful purpose in the prosecution.[1]
However, the State Attorney seeking an order taxing such costs against the county has the burden of establishing that such costs served a useful purpose in the prosecution. In the case at bar, although the state alleged that the transcripts served a useful purpose, the county denied such. At the hearing, the state made no effort to establish the above necessary prerequisite for entitlement to the recovery of such costs. Moreover, the order granting the state’s motion made no finding with respect thereto.
Accordingly, the order is reversed and this cause is remanded for further proceedings at which the parties may present evidence as to whether the subject costs incurred by the state attorney served a useful purpose. See State Farm Mutual *396 Automobile Insurance Co. v. Sampaio, 374 So.2d 617 (Fla. 4th DCA 1979).
REVERSED AND REMANDED.
THOMPSON and WIGGINTON, JJ., concur.

. The relevance of § 9, Art. XVI, Constitution of 1885 is as explained in AGO 84-94:
In all criminal cases prosecuted in the name of the State, when the defendant is insolvent or discharged, the legal costs and expenses, including the fees of officers, shall be paid by the counties where the crime is committed, under such regulations as shall be prescribed by law, and all fines and forfeitures ... [shall be] applied to such legal costs and expenses." (e.s.) Although this provision was not carried forward by the 1968 Revised Constitution, § 10, Art. XII, State Const., provides that all provisions of Articles I-IV, VII, and IX-XX of the 1885 Constitution, as amended, which are not inconsistent with the 1968 revision shall become statutes subject to modification or repeal as are other statutes. Section 9, Art. XVI, 1885 Const., has never been republished in the Florida Statutes. See, Tracing Tables, page 313, Vol. 4, F.S. Nor to my knowledge has this provision been modified or repealed by any statute enacted by the Florida Legislature. The courts of this state have recognized that former § 9, Art. XVI, 1885 Const., has been preserved as a statute. See, e.g., Benitez v. State, [350 So.2d 1100 (3rd DCA Fla.1977), cert. denied, 359 So.2d 1211 (Fla.1978)]. Warren v. Capuano, [269 So.2d 380 (4th DCA Fla.1972), aff’d., 282 So.2d 873 (Fla.1973)]. Therefore, I must presume the continued viability and relevance of these former constitutional provisions to the counties’ liability for the legal costs and expenses incurred in the criminal prosecution or defense of an insolvent or discharged defendant.
Id. at p. 7.