To: Gary Brandenburg County Attorney
David Bludworth State Attorney
Richard Jorandby Public Defender Palm Beach County
QUESTIONS:
1. To what extent are counties in the judicial circuit of each state attorney and public defender obligated to pay the costs enumerated in ss. 27.34(2) and 27.54(3), F.S.?
2. Is a court order required as a prerequisite for the payment of pretrial consultation fees for expert or other potential witnesses or for out-of-state travel expenses incurred in the investigation of a criminal case under ss. 27.34(2) and 27.54(3), F.S.?
3. If a court order is not required, who is responsible for authorizing and verifying the propriety of such expenses?
SUMMARY:
Unless and until legislatively or judicially determined otherwise, as to those items relating to costs enumerated in the second sentences of ss. 27.34(2) and 27.54(3), F.S., counties in the judicial circuit of each state attorney and public defender are obligated to pay such costs to the extent that state funds appropriated to and expended by such officers pursuant to s. 11, ch. 86-168, Laws of Florida, are not used for such purpose, provided that such obligation is conditioned on auditing and approval of a certificate of the judge or clerk as to such costs pursuant to ss. 939.06 and 939.08, F.S., in the case of a defendant who is acquitted or discharged and who has paid any taxable costs, or a judgment of the court against the county for such costs in the case of an insolvent defendant, as adjudged by the trial court or an appellate court, pursuant to s. 939.15, F.S.
Your questions arise under ss. 27.34(2) and 27.54(3), F.S. As amended by ch. 85-213, Laws of Florida, these two sections are substantially identical except for the insertion of the appropriate officer in each such section. Section 27.34(2) reads as follows with respect to the state attorney. (Bracketed words and phrases following italicized portions reflect the wording of s. 27.54[3] with such bracketed words and phrases replacing italicized portions in that section.)
 The state attorney [public defenders] shall be provided by the counties within their judicial circuits with such office space, utilities, telephone service, [s and] custodial services, library services, transportation services, and communication services as may be necessary for the proper and efficient functioning of these offices. The state attorney's [public defender's] office[s] shall also be provided with pretrial consultation fees for expert or other potential witnesses consulted before the trial by the state attorney [public defender]; travel expenses incurred in criminal cases by a state attorney [public defender] in connection with out-of-jurisdiction depositions; out-of-state travel expenses incurred by assistant state attorneys [public defenders] or by investigators of state attorneys [public defenders] while attempting to locate and interrogate witnesses for the state attorney [public defender] in the prosecution [defense] of a criminal case; court reporter costs incurred by the state attorney [public defender] during the course of an investigation and criminal prosecution[,] which costs are included in a judgment rendered by the trial court against the county in which the crime was committed; post-indictment and post-information deposition costs incurred by the state attorney [public defender] during the course of a criminal prosecution of an insolvent [indigent] defendant, when taxed by the court against the county and included in its judgment against the county under s. 939.15; and the cost of copying depositions of state [defense] witnesses taken by the public defender, court appointed counsel, or private retained counsel, [state attorney] if the trial court finds that the copies were necessary for the prosecution [defense] or served a useful purpose in the prosecution [disposition of the case] and includes such cost in its judgment against the county. The office space [and utilities] to be provided by the counties shall not be less than the standards for space allotment promulgated by the Department of General Services nor shall these services and office space be less [. The counties shall not provide less of these services] than were provided in fiscal year 1984-1985 [the previous fiscal year]. (Emphasis supplied.)
Your questions are related and will be answered together. Moreover, this opinion is limited to a consideration of the extent of the obligations of the respective counties only with respect to those items relating to costs enumerated in the second sentences of ss. 27.34(2) and 27.54(3), F.S. County financial responsibility for items of expense for facilities and services referred to in the first sentences of such sections appear to be beyond the scope of your question referring to "costs." See generally AGO's 79-24, 78-100 and 76-71.
Sections 27.34(2) and 27.54(3), F.S., as pertinent to your inquiry were amended by ch. 85-213, Laws of Florida, a few months after this office issued AGO 84-94, which concluded, inter alia, that counties have no liability for pretrial consultation fees for expert or other potential witnesses consulted before trial by either the state attorney or the public defender, that counties are not liable for travel expenses incurred in criminal cases by public defenders or state attorneys in connection with out-of-jurisdiction depositions but rather such expenses must be borne by the state attorneys or the public defenders as operational expense of their offices, and that counties are not liable for out-of-state travel expenses incurred by investigators of state attorneys to locate and interrogate witnesses for the state attorney in the prosecution of a criminal case. An examination of the legislative history of ch. 85-213, supra, indicates that its enactment was, at least in part, a result of the definitive conclusions reached in AGO 84-94 as to the existence or absence of statutory authorization for the payment of certain costs. See House of Representatives, Committee on Criminal Justice, Staff Analysis, HB 1023, 1985 Session, noting that the bill which became ch. 85-213 would "require the counties within a state attorney's circuit to provide him with funds for" pretrial consultation fees for expert and other potential witnesses consulted before trial, travel expenses incurred in criminal cases in connection with out-of-jurisdiction depositions, out-of-state travel expenses incurred by assistant state attorneys or investigators of state attorneys while attempting to locate and interrogate witnesses, and other cost items enumerated in AGO 84-94 and encompassed within the bill. The staff analysis does not expressly note any effect of the proposed changes on the public defenders' offices, except to note that HB 1023 related to "[f]unding of the offices of the State Attorney and Public Defender." And see the title to ch. 85-213, Laws of Florida, providing in pertinent part that it is "[a]n act relating to the judicial branch; . . . requiring counties included within a state attorney's judicial circuit to provide certain services to the state attorney; [and] . . . requiring payment by the county of certain expenses of the public defender's office;. . . ." See also County of Seminole v. Padilla, 470 So.2d 28 (5 D.C.A.Fla., 1985), approving pertinent conclusion of AGO 84-94 and holding that under law prior to amendment, travel expenses of public defender in connection with out-of-jurisdiction depositions should be borne as part of operational expenses of state and should not be paid by county.
This office has concluded previously that, with respect to particular items of expense therein, ss. 27.34(2) and 27.54(3), F.S., operate to place statutory financial obligations on the counties. See AGO's 79-24 and 76-71. There is a general presumption that the Legislature passes statutes with knowledge of existing laws and prior constructions thereof. See State ex rel. Quigley v. Quigley, 463 So.2d 224 (Fla. 1985); Dickinson v. Davis,224 So.2d 262 (Fla. 1969). Thus, it appears that, upon compliance with certain other statutory requirements discussed, infra, and subject to appropriation by the state and expenditure by individual state attorneys and public defenders of state funds therefor, the effect of ss. 27.34(2) and 27.54(3), as amended by ch. 85-213, Laws of Florida, is to impose upon counties a statutory financial obligation for the payment of the costs specifically enumerated therein. See s. 11, ch. 86-168, Laws of Florida, providing in pertinent part as follows:
The provisions of s. 27.34 or s. 27.54, Florida Statutes, to the contrary notwithstanding:
 (1) State attorneys and public defenders may expend state funds appropriated for the 1986-1987 fiscal year for items enumerated in s. 27.34 or s. 27.54, Florida Statutes, respectively, which would otherwise be payable by the respective counties, provided that the total state expenditures for such items for each office do not exceed the total amount spent by each office during the 1985-1986 fiscal year for such items. (Emphasis supplied.)
And see s. 12, ch. 85-120, Laws of Florida; s. 8, ch. 84-361, Laws of Florida; and s. 11, ch. 83-347, Laws of Florida (substantially identical language for prior fiscal years). Where two statutes operate on the same subject without inconsistency or repugnancy, they should be construed so as to preserve the force of both without destroying their evident intent. Mann v. Goodyear Tire and Rubber Company, 300 So.2d 666 (Fla. 1974); State v. Collier County,171 So.2d 890 (Fla. 1965).
Sections 27.34(2) and 27.54(3), F.S., expressly condition the county's obligation to pay certain of the cost items enumerated therein on the rendition of a judgment against the county for such costs or upon the making of a specified finding by the trial court as to necessity or a "useful purpose" served by the particular item in the prosecution or defense of the case. It would further appear that, although those sections do not expressly condition the county's obligation to pay pretrial consultation fees for expert or other potential witnesses or travel expenses incurred in connection with out-of-jurisdiction depositions or out-of-state investigation and interrogation of witnesses on the rendition of a court judgment or order or finding, ss. 939.06 and 939.15, F.S., nevertheless operate in conjunction with ss. 27.34(2) and 27.54(3) to require a certificate of the judge or clerk or judgment of the court prior to imposition of liability on the county for payment of such costs in the case of an acquitted or discharged defendant who has paid such costs or in the case of an insolvent defendant or defendant who is discharged or whose judgment of conviction is reversed. With respect to a defendant who is acquitted or discharged and who has paid any taxable costs, s. 939.06 provides that such defendant shall be given a certificate of the payment of such costs with the items thereof which, when audited and approved according to law, shall be refunded to him by the county. See also s. 939.08, F.S. (county not to pay such costs until the board of county commissioners approves and certifies the same is just, correct and reasonable, and that no unnecessary or illegal item is contained therein). And see Orange County v. Davis, 414 So.2d 278
(5 D.C.A.Fla., 1982). With respect to an insolvent defendant as adjudged by the trial court or pursuant to s. 924.17, F.S., by an appellate court, s. 939.15 operates to make the county liable for payment of "the costs allowed by law . . . upon presentation to the county commissioners of a certified copy of the judgment of the court against such county for such costs." See generally AGO 84-94. See also s. 142.01, F.S. (fine and forfeiture fund to be paid out for fees and costs when such are "a legal claim against the county. . . ."). Cf. s. 9, Art. XVI, State Const.1885 (preserved as a statute, see Hamilton County v. State, 478 So.2d 394 [1 D.C.A.Fla., 1985], Benitez v. State, 350 So.2d 1100 [3 D.C.A.Fla., 1977], cert. denied, 359 So.2d 1211 [Fla. 1978], and Warren v. Capuano, 269 So.2d 380 [4 D.C.A.Fla., 1972], affirmed,282 So.2d 873 [Fla. 1973]), providing that legal costs and expenses in criminal cases prosecuted in the name of the state shall be paid by the counties where the crime is committed under regulations prescribed by law when the defendant is insolvent or discharged. See also AGO 85-85 ("fees and expenses [allowed by law under s. 925.036(1), F.S.] upon order of the court shall be paid by the county." [Emphasis supplied.])
Accordingly, as to those items relating to costs and enumerated in the second sentences of ss. 27.34(2) and 27.54(3), F.S., as amended by ch. 85-213, Laws of Florida, I am of the view that counties in the judicial circuit of each state attorney and public defender are obligated to pay such costs to the extent that state funds appropriated to and expended by such officers pursuant to s. 11, ch. 86-168, Laws of Florida, are not used for such purpose, upon compliance with the conditions and requirements of ss. 939.06
and 939.08, F.S., in the case of a defendant who is acquitted or discharged and who has paid any taxable costs, or s. 939.15, F.S., in the case of an insolvent defendant so adjudged by the trial court or, pursuant to s. 924.17, F.S., by an appellate court.
Finally, I note that your inquiry appears to suggest that the fact that funds generated by s. 27.3455, F.S., imposing certain additional court costs on any person who pleads guilty or nolo contendere to or is found guilty of any felony, misdemeanor or criminal traffic offense or certain municipal or county ordinances, may be insufficient to reimburse the counties through the Local Government Criminal Justice Trust Fund affects the response to your questions. However, it affirmatively appears from the legislative history that this fact was considered by the Legislature in the process of enacting ch. 85-213, Laws of Florida, which amended ss. 27.34(2) and 27.54(3), F.S., and created s. 27.3455. See House of Representatives, Committee on Criminal Justice, Staff Analysis, HB 1023 (1985 Session); House of Representatives, Committee on Appropriations, Fiscal Note, HB 1023 (1985 Session). Thus, there is no legal basis for this office to consider the effect of any shortfall of revenue to the Local Government Criminal Justice Trust Fund in responding to your questions.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General