Captain A.J. Caiata, Jr. Acting Chief of Police
QUESTION:
When a law enforcement agency forwards a copy of the report of domestic violence involving sexual battery, child abuse, or lewd, lascivious or indecent assault upon or in the presence of a child, to the nearest locally certified domestic violence center, must the agency excise all information which would reveal the identity of the victim?
SUMMARY:
Information revealing the identity of the victim of sexual battery, child abuse, or lewd, lascivious or indecent assault upon or in the presence of a child, should be excised from the copy of the report of domestic violence forwarded by a law enforcement agency to the nearest locally certified domestic violence center.
Section 741.29(1), F.S., requires a law enforcement officer investigating a domestic violence complaint to inform the alleged victim that a local domestic violence center is available from which the victim may receive services.[1] Regardless of whether an arrest is made, the officer is required to make a written police report of the incident indicating that the alleged offense was an incident of domestic violence.[2] Pursuant to s. 741.29(2), F.S.:
 Whenever possible, the law enforcement officer hall obtain a written statement from the victim nd witnesses concerning the alleged domestic violence. The officer shall submit the report o the supervisor or other person to whom the employer's rules or policies require reports of similar allegations of criminal activity to be made. The law enforcement officer's supervisor shall, without charge, send a copy of the initial police report, which excludes victim/witness statements or other materials deemed to be a part of an active criminal investigation as defined in s. 119.07(3)(d), to the nearest locally certified domestic violence center within 24 hours of the agency's receipt of the report.[3] (e.s.)
Information received by persons employed by or volunteering services to domestic violence centers through files, reports, inspections, or otherwise is confidential and exempt from s.119.07(1), F.S.[4]
Section 741.29(2), F.S., therefore, provides that the report sent to the domestic violence center exclude victim/witness statements or other material deemed to be part of the criminal investigation as defined in s. 119.07(3)(d), F.S. Section 119.07(3)(d), F.S., exempts active criminal intelligence information and active criminal investigative information from the disclosure provisions of s. 119.07(1), F.S.[5] Criminal investigative information is defined in s. 119.011(b), F.S., as:
"Criminal investigative information" means information with respect to an identifiable person or group of persons compiled by a criminal justice agency in the course of conducting a criminal investigation of a specific act or omission . . . .[6]
Certain information, however, is not included within the above term. Pursuant to s. 119.011(3)(c)2., F.S., criminal investigative information shall not include "[t]he name, sex, age, and address of a person arrested or of the victim of a crime except as provided in s. 119.07(3)(h)."
Thus, information revealing the identity of a victim of domestic violence normally would not constitute criminal investigative information. An exception is recognized, however, for information provided in s. 119.07(3)(h), F.S.
Section 119.07(3)(h), F.S., states:
Any criminal intelligence information or criminalinvestigative information including the photograph, name, address, or other fact or information which reveals the identityof the victim of the crime of sexual battery as defined in chapter 794; the identity of the victim of the crime of lewd,lascivious, or indecent assault upon or in the presence of achild, as defined in chapter 800; or the identity of the victim of the crime of child abuse as defined by chapter 827 and any criminal intelligence information or criminal investigative information or other criminal record, including those portions of court records, which may reveal the identity of a person who is a victim of any sexual offense, including a sexual offense proscribed in chapter 794, chapter 800, or chapter 827, is exempt from the provisions of subsection (1). (e.s.)
Section 119.07(3)(h), F.S., thus, reflects the Legislature's intent that criminal investigative information revealing the identity of a victim of sexual battery, of a lewd, lascivious or indecent assault upon or in the presence of a child, or of child abuse be exempt from the disclosure provisions of s. 119.07(1), F.S. The statute further ensures that the exemption for such information does not cease once the information is no longer "active."[7]
I find nothing in my examination of s. 741.29, F.S., indicating that the Legislature intended such information be released to the domestic violence centers. Section 741.29(1), F.S., requires the law enforcement officer to inform the alleged victim that a local domestic violence center is available to provide assistance ifdesired. Section 741.29(2), F.S., in providing that a copy of the domestic violence report be sent to the nearest certified domestic violence center, specifically states that the copy exclude information considered to be a part of the criminal investigation.
Read together, ss. 119.011(3) and 119.07(3)(d) and (h), F.S., clearly indicate that information identifying victims of sexual battery, lewd, lascivious or indecent assault upon or in the presence of a child, or child abuse compiled by a criminal justice agency in the course of conducting a criminal investigation of a specific act or omission constitutes criminal investigative information which is exempt from disclosure.[8]
Therefore, I am of the opinion that information revealing the identity of the victim of sexual battery, child abuse, or lewd, lascivious or indecent assault upon or in the presence of a child must be excised from the copy of the report of domestic violence forwarded by a law enforcement agency to the nearest locally certified domestic violence center pursuant to s. 741.29, F.S.
RAB/tjw
[1] The statute further requires the officer to give the victim notice of the legal rights and remedies available, such notice to be given on the standard form developed and distributed by the Florida Department of Law Enforcement. And see, s. 415.606, F.S.
[2] Section 741.29(2), F.S. See, s. 741.30(1)(a), F.S., defining "Domestic violence" for purposes of that section to mean "any assault, battery, sexual assault, sexual battery, or any criminal offense resulting in physical injury or death of one family or household member by another who is or was residing in the same single dwelling unit"; and s. 741.30(1)(b), F.S., defining "Family or household member" to include "spouses, former spouses, persons related by blood or marriage, persons who are presently residing together, as if a family, or who have resided together in the past, as if a family, and persons who have a child in common regardless of whether they have been married or have resided together at any time."
[3] See, s. 415.605, F.S., providing for certification of domestic violence centers.
[4] Section 415.608, F.S.
[5] See, s. 119.07(1)(a), F.S., requiring every person who has custody of a public record to permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee.
[6] And see, s. 119.011(4), F.S., defining "Criminal justice agency" to mean, among other things, any law enforcement agency.
[7] See, s. 119.011(3)(d), F.S., defining the term "active" for purposes of criminal intelligence or investigative information.
[8] See, Mann v. Goodyear Tire Rubber Co.,300 So.2d 666 (Fla. 1974) (law should be construed together and in harmony with other statutes having the same purpose).