812 So.2d 504 (2002)
NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., Unified Sportsmen of Florida, Inc., W. David Tucker, Sr., and John Doe, Appellants,
v.
CITY OF SOUTH MIAMI, Appellee.
No. 3D01-1027.
District Court of Appeal of Florida, Third District.
March 20, 2002.
Montero, Finizio, Velasquez & Reyes (Ft. Lauderdale); Stephen P. Halbrook (Fairfax, Virginia), for appellants.
Nagin, Gallop & Figueredo and Earl G. Gallop, Miami, for City of South Miami; Paul F. Hancock, Deputy Attorney General; Parker D. Thomson, Special Assistant Attorney General; Michael J. Neimand, Assistant Attorney General, as amicus curiae for Attorney General Robert A. Butter-worth, for appellee.
Before COPE, FLETCHER, and RAMIREZ, JJ.
FLETCHER, Judge.
The National Rifle Association and others have appealed the trial court's summary judgment, in favor of the City of South Miami, concluding that this action for declaratory judgment is not ripe for determination. Involved is City of South Miami ordinance 14-00-1716, regulating firearms by establishing certain safety standards therefor. The declaration the *505 appellants are seeking includes a determination that the City's ordinance is ultra vires because the legislature expressly preempted the entire field of firearm and ammunition regulation by enactment of section 790.33, Florida Statutes (2000). This statute reads in pertinent part:
"(1) PREEMPTION.Except as expressly provided by general law, the Legislature hereby declares that it is occupying the whole field of regulation of firearms and ammunition, including the purchase, sale, transfer, taxation, manufacture, ownership, possession, and transportation thereof, to the exclusion of all existing and future county, city, town, or municipal ordinances or regulations relating thereto. Any such existing ordinances are hereby declared null and void.
. . . .
(3) POLICY AND INTENT.
(a) It is the intent of this section to provide uniform firearms laws in the state; to declare all ordinances and regulations null and void which have been enacted by any jurisdictions other than state and federal, which regulate firearms, ammunition, or components thereof; to prohibit the enactment of any future ordinances or regulations relating to firearms, ammunition or components thereof unless specifically authorized by this section or general law; and to require local jurisdictions to enforce state firearms laws."
In Penelas v. Arms Technology, Inc., 778 So.2d 1042 (Fla. 3d DCA), rev. denied, 799 So.2d 218 (Fla.2001), this court specifically stated that the legislature, through section 790.33, has indeed expressly preempted the entire field of firearm and ammunition regulation.
Authority for the state courts to render declaratory judgments regarding municipal ordinances may be found in section 86.021, Florida Statutes (2000):
"Any person ... whose rights ... are affected ... by municipal ordinance ... may have determined any question of... validity arising under such ... municipal ordinance ... and obtain a declaration of rights ... thereunder."
In the recent Florida Supreme Court decision construing Chapter 86, Florida Statutes, Olive v. Maas, 811 So.2d 644, (Fla.2002), the court made it clear that the Declaratory Judgment Act is to be liberally construed. The court cited and quoted from X Corp. v. Y Person, 622 So.2d 1098, 1100 (Fla. 2d DCA), rev. denied, 618 So.2d 212 (Fla.1993):
"The goals of the Declaratory Judgment Act are to relieve litigants of the common law rule that a declaration of rights cannot be adjudicated unless a right has been violated and to render practical help in ending controversies which have not reached the stage where other legal relief is immediately available. To operate within this sphere of anticipatory and preventive justice, the Declaratory Judgment Act should be liberally construed."
Here we have various well-meaning litigants eye-ball to eye-ball across counsel table, the City wondering whether its ordinance has been preempted or whether it can enforce its own collective will over firearms, others wondering whether they are going to be illegally prosecuted by the City come next dove hunting season, and the Florida Attorney General wondering whether the judiciary will agree with his opinion on municipal regulation of firearms (AGO 2000-42). In light of these doubts and confrontations and in the liberal spirit of the Declaratory Judgment Act, we hold that this action is not premature and that the trial court erred in entering its final *506 summary judgment for the City. We also hold that the City's ordinance no. 14-00-1716 is null and void as it is in conflict with section 790.33, Florida Statutes. We remand this case to the trial court for further proceedings consistent herewith.
Reversed and remanded.