Ms. Betsy S. Burden Northern Palm Beach County Improvement District 324 Royal Palm Way, Suite 300 Palm Beach, Florida 33480-4352
Dear Ms. Burden:
On behalf of the Northern Palm Beach County Improvement District, you have asked for my opinion on the following question:
In light of the passage of Chapter 2002-67, Laws of Florida, which amended section 119.07(3)(ee), Florida Statutes, to exempt building plans, specifications and other related documents from the Public Records Law, may a governmental entity waive this exemption or otherwise disclose and distribute these documents in order to comply with competitive bidding requirements?
In sum:
A governmental entity may disclose and distribute documents exempted by section 119.07(3)(ee), Florida Statutes, such as building plans, blueprints, schematic drawings, and diagrams, in order to comply with statutory requirements for competitive negotiation or competitive bidding. However, as required by statute, the entities or persons receiving such information shall maintain the exempt status of the information.
During the 2002 legislative session, section 119.07(3), Florida Statutes, was amended to provide:
"(ee) Building plans, blueprints, schematic drawings, and diagrams, including draft, preliminary, and final formats, which depict the internal layout and structural elements of a building, arena, stadium, water treatment facility, or other structure owned or operated by an agency as defined in s. 119.011 are exempt from the provisions of subsection (1) and s. 24(a), Art. I of the State Constitution. This exemption applies to building plans, blueprints, schematic drawings, and diagrams, including draft, preliminary, and final formats, which depict the internal layout and structural elements of a building, arena, stadium, water treatment facility, or other structure owned or operated by an agency before, on, or after the effective date of this act. Information made exempt by this paragraph may be disclosed to another governmental entity if disclosure is necessary for the receiving entity to perform its duties and responsibilities; to a licensed architect, engineer, or contractor who is performing work on or related to the building, arena, stadium, water treatment facility, or other structure owned or operated by an agency; or upon a showing of good cause before a court of competent jurisdiction. The entities or persons receiving such information shall maintain the exempt status of the information. This paragraph is subject to the Open Government Sunset Review Act of 1995 in accordance with s. 119.15, and shall stand repealed on October 2, 2007, unless reviewed and reenacted by the Legislature."
You recognize that your agency is required to engage in competitive negotiation to meet the infrastructure needs of the district. In order for a prospective bidder to appropriately respond to requests for proposal or requests for qualifications, these prospective bidders must review the bid documents, including those listed in the exemption adopted as section 119.07(3)(ee), Florida Statutes. You are unsure whether the Northern Palm Beach County Improvement District may disclose and distribute bid documents to prospective bidders to comply with applicable competitive bidding requirements since these documents are within the scope of those covered by section 119.07(3)(ee), Florida Statutes.
Chapter 119, Florida Statutes, Florida's Public Records Law, establishes a right of access to records of governmental agencies, and entities acting on their behalf, unless such records have been made confidential or exempt by statute.[1] Section 119.07(3)(ee) exempts building plans, blueprints, schematic drawings, and diagrams of specified facilities and structures owned or operated by governmental agencies from public inspection and copying.
The statutory exemption extends to draft, preliminary, and final formats that depict the internal layout and structural elements of these buildings. The act also authorizes the production of this information "to a licensed architect, engineer, or contractor who is performing work on or related to" the building. The exemption does not prohibit the disclosure of this information; rather, the information is exempt from and not subject to the mandatory inspection requirements of section119.07(1), Florida Statutes, which would otherwise apply.[2]
The Legislature expressed its intent in adopting this exemption:
"The Legislature finds that the public records exemption created by this act is a public necessity in order to ensure the safety of government infrastructures and to ensure public safety. Such exempt information is a vital component of public safety and if it were made publicly available, the ability of persons who desire to harm individuals located in or using those structures, the building plans, blueprints, schematic drawings, and diagrams of which are made exempt by this act, would be increased. In addition, terrorists would have easy access to the exempt information and use the information to inflict harm on the public. Although skill would be required to use such information to further an act of terrorism, ample evidence exists of the capabilities of terrorists to conduct complicated acts of terrorism. The September 11, 2001, attack on the World Trade Center and the Pentagon, as well as the intentional spread of anthrax in the country and state, provides evidence that such capabilities exist. These events also show the crippling effect that terrorist acts can have, not only on the lives of persons in a community affected by terrorist acts but also on the economy of the community, the state, and the nation. Consequently, the Legislature finds that the public records exemption created by this act is a public necessity."[3]
The scope of the exemption is limited; it seeks to prevent terrorists from gaining access to the structural plans of government buildings, in order to protect public safety. The statute itself recognizes that the release of this information for certain purposes would not violate the terms of the exemption, that is, such information may be released to building professionals who are working on the building. To read the statute to deny governmental entities the authority to share these plans for purposes of competitive negotiation or competitive bidding would seriously limit the ability of government to undertake infrastructure building projects. I cannot read the language of section 119.07(3)(ee), Florida Statutes, in so limited a fashion that local governments would be forced to choose between meeting their statutory obligations to competitively bid projects or complying with this statute. Rather, these statutory directives should be read together in a fashion that will allow them to operate together and give the fullest effect to each.[4]
Although the Legislature chose to place the release of this information within the discretion of the agency, in light of the underlying purpose of the enactment, i.e., the safety of the public, I am of the opinion that the exercise of any such discretion by the agency must be exercised in light of that legislative purpose. Accordingly, in determining whether such information should be disclosed, an agency should determine whether there is a statutory or substantial policy need for disclosure, such as the competitive bidding requirements with which your request deals.[5]
In the absence of a statutory or other legal duty to be accomplished by disclosure, an agency should consider whether the release of such information is consistent with the purpose of the exemption.
Accordingly, I am of the opinion that a governmental entity may disclose and distribute documents exempted by section 119.07(3)(ee), Florida Statutes, such as building plans, blueprints, schematic drawings, and diagrams, in order to comply with statutory requirements for competitive negotiation or competitive bidding. However, as required by statute, the entities or persons receiving such information shall maintain the exempt status of the information.
[1] See, s. 119.011(1) and (2), Fla. Stat., respectively, defining "Public records" and "Agency." And see, s. 119.07(1)(a), Fla. Stat., providing that every person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or the custodian's designee.
[2] Cf., Williams v. City of Minneola, 575 So.2d 683, 687 (Fla. 5th DCA 1991), review denied, 589 So.2d 289 (Fla. 1991), appeal after remand,619 So.2d 983 (Fla. 5th DCA 1993) ("There are many situations in which investigators have reasons for displaying information which they have the option not to display."); Ops. Att'y Gen. Fla. 90-50 (1990) and 96-36 (1996).
[3] Section 2, Ch. 2002-68, Laws of Florida.
[4] See, e.g., Mann v. Goodyear Tire and Rubber Company, 300 So.2d 666
(Fla. 1974) (A law should be construed together and in harmony with any other statute relating to same subject matter and having same purpose even though not enacted at same time.)
[5] Cf., Op. Att'y Gen. Fla. 90-50 (1990), discussing the exemption from the Public Records Law for law enforcement officers' photographs, home addresses, and telephone numbers and possible uses of this information; and Inf. Op. to Mr. Lee Resse, April 25, 1989, in which this office concluded that a former law enforcement officer's address could be released for the purpose of serving a subpoena.