The Honorable Roy Raymond Sheriff, Indian River County 4055 41st Avenue Vero Beach, Florida 32960-1808
Dear Sheriff Raymond:
You ask substantially the following question:
May a county pass an ordinance prohibiting the discharge of a firearm in proximity to persons or property when such discharge endangers the health, welfare, and safety of the citizens of such county?
This office has been advised that Indian River County joins in your request. You have proposed a county ordinance to prohibit the discharge of firearms within 300 yards of a building or public road or right-of-way in order to preserve the life and safety of the general public in Indian River County. The proposed ordinance specifies exceptions.[1] There remains a question, however, as to whether such an ordinance is prohibited by section 790.33, Florida Statutes.
Section 790.33, Florida Statutes, preempts the field of regulation of firearms and ammunition to the Florida Legislature, as follows:
"(1) PREEMPTION. — Except as expressly provided by general law, the Legislature hereby declares that it is occupying the whole field of regulation of firearms and ammunition, including the purchase, sale, transfer, taxation, manufacture, ownership, possession, and transportation thereof, to the exclusion of all existing and future county, city, town, or municipal ordinances or regulations relating thereto. Any such existing ordinances are hereby declared null and void. This subsection shall not affect zoning ordinances which encompass firearms businesses along with other businesses. Zoning ordinances which are designed for the purpose of restricting or prohibiting the sale, purchase, transfer, or manufacture of firearms or ammunition as a method of regulating firearms or ammunition are in conflict with this subsection and are prohibited."
While this office recognizes the need to protect the safety of the county's citizens against the dangerous discharge of firearms in proximity to people and property, the Legislature has expressed its intent to preempt the regulation of firearms and to provide uniform firearms laws in the state. Any ordinance or regulation attempting to regulate firearms is stated to be null and void when enacted by jurisdictions other than the state or the federal government.[2] Relative to the discharge of firearms, section 790.15(1), Florida Statutes, states:
"Except as provided in subsection (2) or subsection (3), any person who knowingly discharges a firearm in any public place or on the right-of-way of any paved public road, highway, or street or whosoever knowingly discharges any firearm over the right-of-way of any paved public road, highway, or street or over any occupied premises is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083. This section does not apply to a person lawfully defending life or property or performing official duties requiring the discharge of a firearm or to a person discharging a firearm on public roads or properties expressly approved for hunting by the Fish and Wildlife Conservation Commission or Division of Forestry."
Thus, in addition to expressly preempting the field of firearm regulation to the state, the Legislature has enacted legislation making it a crime to discharge firearms in any public place, with specified exceptions. It is well settled that absent a general law stating otherwise, local governments have no authority to regulate firearms in any manner.[3]
Attempts to circumvent this preemption of firearm regulation have not been allowed.[4] Thus, despite the county's concerns for the health, safety and welfare of its citizens, it may not enact an ordinance regulating the use of firearms.[5]
Accordingly, it is my opinion that a county ordinance prohibiting the discharge of a firearm in proximity to persons or property when such discharge endangers the health, welfare, and safety of the citizens of such county would be preempted by section 790.33, Florida Statutes.
Sincerely,
Charlie Crist Attorney General
CC/tls
[1] Section 2(b) of the proposed ordinance states:
"EXCEPTIONS — The prohibition set forth in section (a) above shall not apply to a person lawfully defending his life or property or performing official duties requiring the discharge of firearms. Further, this ordinance shall not apply to the discharge of firearms within the confines of approved and licensed shooting ranges, law enforcement agency ranges, existing commercial and private shooting ranges, gun clubs and hunting clubs and official hunting areas, or that land zoned agricultural and which has a minimum parcel size of fifty (50) acres. The prohibition is also not applicable to the discharge of shotguns utilizing shot size no larger than number four (4) shot on land which is zoned agricultural and which has a minimum parcel size of five (5) acres, so long as no discharge of firearms is conducted within three hundred (300) yards of any building situated on another's property."
[2] Section 790.33(3)(a), Fla. Stat.
[3] See National Rifle Ass'n of America, Inc. v. City of South Miami,812 So.2d 504 (Fla. 3rd DCA 2002).
[4] See Penelas v. Arms Technology, Inc., 778 So.2d 1042, 1045 (Fla. 3rd DCA 2001), cert. denied, review denied, 799 So.2d 218 (Fla. 2001) (county's request for injunctive relief against firearm manufacturers and dealers found to be an attempt to regulate firearms and ammunition through the judiciary denied; power to legislate in area of firearm regulation belongs to the legislative branch).
[5] National Rifle Ass'n of America, Inc. v. City of South Miami, supra.