Dear Mr. Craig:
You ask substantially the following question:
May a county enforce its land development code to prohibit a shooting range in a residential land use district in light of section 790.333(8), Florida Statutes?
You state that currently there are shooting ranges located within residential land use districts in Polk County. Due to concerns about public safety, the county wishes to restrict such shooting ranges to commercial areas. You state that under the Polk County Land Development Code, shooting ranges are classified as either a commercial business or high intensity recreation and would be prohibited in residential land use districts.
Section 790.333(8), Florida Statutes, provides:
"Preemption. — Except as expressly provided by general law, the Legislature hereby declares that it is occupying the whole field of regulation of firearms and ammunition use at sport shooting and training ranges, including the environmental effects of projectile deposition at sport shooting and training ranges." (e.s.)
While the plain language of the statute pertains to the regulation of firearm and ammunition use at shooting ranges, there is apparent confusion in determining whether local land use regulations may be enforced to restrict the location of a shooting range. A review of the legislative history of section 790.333, Florida Statutes, reveals that the committee recognized the shift in population from urban to suburban and rural areas, and "the impact of certain zoning decisions."[1] The staff analysis, however, focuses primarily on giving immunity to shooting ranges that may be subject to suit for environmental contamination and incidentally provides for the preemption of the field of regulation of firearms and ammunition use at sport shooting and training ranges.
In 2001, the Legislature provided limited immunity to sport shooting ranges from criminal prosecution or civil suits based on an underlying claim of noise or noise pollution in section 823.16, Florida Statutes.[2] The statute was clear, however, that such immunity was to be extended as long as the shooting range was in compliance with the local noise-control ordinances in effect at the time of construction or initial operation of the range.[3]
The statute also provides:
"A sport shooting range that is not in violation of existing law at the time of the enactment of an ordinance applicable to the sport shooting range shall be permitted to continue in operation even if the operation of the sport shooting range does not conform to the new ordinance or an amendment to an existing ordinance, provided the range was not in violation of any law when the range was constructed and provided that the range continues to conform to current National Rifle Association gun safety and shooting range standards."[4]
Section 823.16(7), Florida Statutes, recognizes that "[e]xcept as otherwise provided in this act, this act shall not prohibit a local government from regulating the location and construction of a sport shooting range after the effective date of this act." Section 790.33(1), Florida Statutes, preempts the regulation of firearms and ammunition to the state:
"Except as expressly provided by general law, the Legislature hereby declares that it is occupying the whole field of regulation of firearms and ammunition, including the purchase, sale, transfer, taxation, manufacturer, ownership, possession, and transportation thereof, to the exclusion of all existing and future county, city, town, or municipal ordinances or regulations relating thereto. Any such existing ordinances are hereby declared null and void. This subsection shall not affect zoning ordinances which encompass firearms businesses along with other businesses. Zoning ordinances which are designed for the purpose of restricting or prohibiting the sale, purchase, transfer, or manufacture of firearms or ammunition as a method of regulating firearms or ammunition are in conflict with this subsection and are prohibited." (e.s.)
Clearly, a municipality's attempt to regulate firearms is null and void.[5] However, the general provisions in section 790.33, Florida Statutes, recognize that local zoning ordinances which affect other businesses in the same way are allowed. The statute is equally clear in prohibiting zoning ordinances designed to restrict or prohibit the sale, purchase, transfer, or manufacture of firearms or ammunition as a method of regulating firearms or ammunition. Thus, a zoning ordinance prohibiting any commercial business activities within an area zoned for residential use would not appear to be inconsistent with the intent of section 790.33, Florida Statutes. Such an ordinance, however, could not be applied retroactively to an existing sport shooting range.
The provisions of section 790.333, Florida Statutes, are specific to the regulation of the use of firearms and ammunition at sport shooting and training ranges, but do not address the actual siting of such facilities. The primary purpose of the legislation was to grant immunity from legal action by the state and local governments for the use, release, placement, deposition, or accumulation of any projectile in the environment. The recognition that no action can be taken against shooting range facilities existing at the time of the enactment of all of the above-cited statutes relating to firearms and shooting ranges should be read together in a manner to give effect to each.[6] To read the preemption provision in section 790.333, Florida Statutes, as a total ban on the application of any zoning or land use regulation upon an existing or proposed sports shooting range would render section823.16 (7), Florida Statutes, noted above, of no use or consequence.
Accordingly, it is my opinion that a county clearly may impose existing zoning and land use regulations upon the siting of a proposed sports shooting range; however, no newly created or amended zoning or land use regulations may be enforced against existing ranges.
Sincerely,
 Bill McCollum Attorney General
BM/tls
[1] Senate Staff Analysis and Economic Impact Statement, CS/CS/CS/SB 1156, Appropriations Committee, Criminal Justice Committee, Judiciary Committee, March 18, 2003.
[2] Section 823.16(2), Fla. Stat.
[3] Section 823.16(3), Fla. Stat.
[4] Section 823.16(6), Fla. Stat.
[5] See National Rifle Association of America, Inc., et al v. City ofSouth Miami, 812 So. 2d 504 (Fla. 3rd DCA, 2002) (municipal ordinance establishing certain safety standards for firearms null and void as regulation preempted to the state) and Rinzler v. Carson, 262 So. 2d 661
(Fla. 1972) (municipal ordinance must not conflict with controlling provisions of state statute; any doubt as to municipality's power is resolved against the ordinance).
[6] See, e.g., Mann v. Goodyear Tire and Rubber Company,300 So. 2d 666
(Fla. 1974) (A law should be construed together and in harmony with any other statute relating to same subject matter and having same purpose even though not enacted at same time.)